John Fitzgerald et al., Appellants, v. Reinhold Brandt et al., Appellees.

Filed April 11, 1893.   No. 4741.

1. **Bill of Exceptions**: Submission to Adverse Parties: Counsel for appellants, in a case where the appellees were numerous, whose interests were diverse, and represented by different counsel, left the draft of a proposed bill of exceptions at the office of counsel for one of the appellees, and notified counsel for the others that the proposed bill of exceptions was there for their inspection, and would remain for the time allowed by statute. *Held*, That this was not such a submission of the exceptions as required by section 311 of the Civil Code; and that the bill of exceptions would be quashed as to the appellees, to whom it was not otherwise submitted.

2. ————: Amendments: Return. Section 311 of the Civil Code makes it the duty of a party to whom is submitted a draft of exceptions for examination to return it with his proposed amendments, if any, within ten days from its submission.

3. **Appeal**: Time: Jurisdiction. The time fixed by section 675 of the Civil Code for perfecting appeals in equity cases is jurisdictional; and this court cannot extend it unless it clearly appears that the failure to perfect the appeal is in nowise attributable to the laches of appellants.

4. **Motion for New Trial**: Review. Unless a motion for a new trial is made within three days after the verdict or decision, this court cannot examine any of the errors which it is alleged occurred at the trial.

5. ————: Newly Discovered Evidence. A motion for a new trial on the ground of newly discovered evidence was properly denied, when such new evidence was competent under the pleadings in the case; and the witness who was to furnish the new evidence testified on the trial, was examined by the applicant for the new trial, and in which examination no effort was made to elicit any of the facts now claimed to be newly discovered evidence.

6. ————: ————: Grounds for New Trial. To entitle a party to a new trial on account of newly discovered evidence, it is not enough that the evidence is material and not cumulative; it

must further appear that the applicant for the new trial could not, "by the exercise of reasonable diligence, have discovered and produced such evidence at the trial."

7. **Equity: Review: Decree: Presumption of Correctness.** When it is sought to review a decree in equity by error proceedings, and the only error alleged is that the pleadings do not support the decree, every reasonable presumption must be indulged in support of the correctness of the decree; and unless it *certainly* appears that no such decree as rendered could lawfully be pronounced on the pleadings, it will not be disturbed.

APPEAL and error from the district court of Platte county. Heard below before POST, J.

*Lamb, Ricketts & Wilson, C. J. Garlow, Burke & Cunningham,* for appellants.

*M. Whitmoyer, McAllister & Cornelius, W. H. Munger,* and *Sullivan & Reeder,* contra.

RAGAN, C.

The appellant John Fitzgerald brought suit in the district court of Platte county to recover a sum of money from appellees Brandt and Fleming, for brick furnished them for the erection of a brick hotel on lot 8, block 85, in the city of Columbus, Nebraska, with a prayer for a material-man's lien on the property. In addition to Brandt and Fleming the following parties were made defendants to the suit, and filed answers, most of them for material furnished for the erection of said hotel, viz.: C. A. Mast, August Boettcher, Thomas Price, Hugh Hughes, Charles Schroeder, August Deitrichs, Pomerene & Percival, William Geizer, Hooker & Orr, Peregoy & Moore, and The Adamant Wall Plaster Company.

On October 3, 1890, the court entered a decree, to which John Fitzgerald, The Adamant Wall Plaster Company, William Geizer, Thomas Price, Hooker & Orr, Pomerene & Percival duly excepted, and, at the same time, obtained

from the trial court forty days in which to reduce their exception to writing, which time was on December 22, 1890, at request of appellants, by the trial judge, extended forty days; and on the 22d day of October filed with the clerk of the district court their bond for the appeal of the case to the supreme court.

On December 5, 1890, appellants filed their motion for a new trial. On December 24, 1890, the official reporter of the trial court filed with the district court clerk a duly certified transcript of all the evidence had at the trial. On January 17, 1891, the motion for a new trial was overruled. On April 25, 1891, the trial judge allowed and signed the bill of exceptions, and on May 7, 1891, the appellants filled in this court their petition in error, and submitted a motion to docket the case as an appeal. Appellees Deitrichs and Boettcher at the same time filed a motion to quash the bill of exceptions, on the ground that it was not submitted to them or their counsel for examination before its allowance by the trial judge.

The appellees were represented in the case and on the trial as follows: C. A. Mast, Brandt & Fleming, and August Deitrichs, by Sullivan & Reeder; August Boettcher, D. S. Morgan & Co., and Peregoy & Moore, by McAllister & Cornelius; Columbus State Bank and Hugh Hughes, by M. Whitmoyer; all of whom appear to reside in the city of Columbus and to be members of the Platte county bar.

We will now dispose of the motion of appellees Deitrichs and Boettcher. There is no pretense that this bill of exceptions was ever submitted to either of the appellees or either of their counsel for examination before being signed and allowed by the judge. By the affidavit of one of the counsel for appellants it appears that on February 18, 1891, all the appellees " *interested in the defense on appeal*" were notified, through their counsel, "*That this bill was, or would be, left at the office of Sullivan & Reeder for*

*their inspection and examination and that it would remain there for the time allowed by statute.*" It does not appear, however, that any of them consented to this. This was not such a submission of the exceptions as is required by the Code, sec. 311. The motion of the appellees Deitrichs and Boettcher to quash the bill of exceptions is therefore, as to them, sustained.

The grounds on which appellants ask to have this case docketed as an appeal are:

" First—For the reason set forth in the affidavit of C. J. Garlow, hereto attached."

I quote the substance of all the affidavits filed for and against this motion, omitting the formal parts.

### AFFIDAVIT OF MR. GARLOW.

"C. J. Garlow, being first duly sworn, deposes and says that he is one of the attorneys of the Adamant Wall Plaster Company, one of the defendants in the above entitled cause; that on or about the 18th day of February, 1891, he presented the draft of the bill of exceptions in said cause to M. Whitmoyer, one of the attorneys for Hugh Hughes and Columbus State Bank, defendants also in said cause, and requested the said Whitmoyer to receipt for the same, but he refused to do so, and assigned for his reason that he had been advised by his associate counsel not to do so; that said Whitmoyer retained said bill for about one-half day, and said that he had examined, or partially examined, same, and that there were errors in it which should be corrected; that on the 18th day of February, 1891, the said bill was presented to John J. Sullivan, one of the attorneys for C. A. Mast; that all of the defendants interested in the defense on appeal, or proposed appeal, were notified through their attorneys that the bill, was or would be, left at the office of Sullivan & Reeder for their inspection and examination, and that it would remain there for the time allowed by statute, and that this affiant never refused to receive said bill from the said Sullivan & Reeder, when properly tend-

ered; that he has no recollection of having the alleged conversation with J. G. Reeder at the foot of the stairs of Sullivan & Reeder's office; that the said Whitmoyer was never present at a conversation between this affiant and said John J. Sullivan, concerning said bill of exceptions, to this affiant's knowledge, except when the same was talked over in open court at the court house long after the time mentioned by said Whitmoyer; that the said Whitmoyer spoke to this affiant two or more times concerning the errors in said bill; that said John J. Sullivan never tendered said bill of exceptions to this affiant until the 20th day of April, 1891, nor did he, or any of the other attorneys who make affidavits in this matter, demand of this affiant a receipt for said bill or bring or offer to bring the same to his office and leave it; that the said Sullivan & Reeder may have said that it was ready to return, but if they did so state, they, nor either of them, said that it had been examined by the attorneys interested for other defendants, nor did they offer to return it on behalf of all the parties on whom service had been made and who were equally interested so far as the rights of their clients were concerned; that some of the attorneys claimed that the bill should be left with each firm for the period of ten days, to which affiant remarked that he did not so understand the law, and that he should expect the bill returned to him as required by law, or words to that effect."

### AFFIDAVIT OF MR. WHITMOYER.

"M. Whitmoyer, being first duly sworn, deposes and says that in the latter part of February or the first part of March, 1891, this affiant was in the office of Sullivan & Reeder, where C. J. Garlow and J. J. Sullivan were present, and the bill of exceptions in the above entitled action was spoken of, and a conversation held about the same between J. J. Sullivan, C. J. Garlow, and myself, at which time said J. J. Sullivan told said Garlow that he would give him the bill of exceptions in the above stated case and

he could take it with him, when said Garlow replied that he did not want it at that time, that he could get it at any time he did want it."

### AFFIDAVIT OF MR. SULLIVAN.

" J. J. Sullivan, being first duly sworn, says that he is one of the attorneys for C. A. Mast, one of the defendants in said action; that the bill of exceptions in this case was served on affiant as stated in the affidavit of C. J. Garlow; that for the purpose of serving said bill of exceptions said Garlow summoned affiant to the office of said Garlow by telephone; that affiant received said bill when tendered to him and examined same and made the indorsement now appearing thereon; that said indorsement was made on the day it bears date, which is, as affiant now remembers, February 21, 1891, that within a week after said indorsement was made, as shown by the date thereof, affiant tendered said bill of exceptions to said Garlow at the office of affiant in the city of Columbus which said office is only one block distant from the office of said Garlow; that said Garlow stated that he did not want said bill of exceptions at that time and refused to receive it; that said Garlow then and there further stated that he would take said bill of exceptions some other time; that said Garlow never did afterwards, until April 20, 1891, call for or ask for said bill of exceptions, although in meantime he was very frequently in affiant's office and saw and talked with affiant almost daily; affiant further states that prior to April 20, 1891, no person representing any of the appellants herein ever asked for or requested the return of said bill of exceptions."

### AFFIDAVIT OF MR. M'ALLISTER.

" W. A. McAllister being first duly sworn says he is one of the attorneys for August Boettcher and August Deitrichs, two of the defendants in the foregoing action; about the latter part of February, 1891, C. J. Garlow, attorney for the Adamant Wall Plaster Company, one of the defend-

ants herein, requested the affiant to accept service of the bill of exceptions in this action, without delivering said bill of exceptions to the affiant, saying at the time: 'I am too busy to carry this bill of exceptions to all the attorneys interested, I want you all to receipt for it now, and I will leave it at some central place where you can all get it or examine it,' or words to that effect."

### AFFIDAVIT OF MR. REEDER.

" J. G. Reeder, being first duly sworn, deposes and says that he is one of the attorneys for C. A. Mast, one of the defendants in the above cause; that about ten days after the bill of exceptions in this case had been served on the firm of Sullivan & Reeder, affiant met C. J. Garlow at the foot of the stairway leading to the office of the said Sullivan & Reeder; that said Garlow inquired of affiant if the said bill of exceptions was ready; that affiant informed him that the bill was ready for him and offered to go upstairs and get it for him, but was informed by said Garlow that he did not want it at that time, but would call for it when he wanted it; that about a week or ten days after said conversation said Garlow was in the office of Sullivan & Reeder and in a conversation then had between said Garlow and affiant relating to said bill of exceptions affiant offered to give said bill to said Garlow, but said Garlow stated that he did not want it then, and would come after it when he wanted it; said bill was not again mentioned to said affiant by said Garlow until April 20, 1891, although affiant met him daily upon the streets and at other places, and held frequent conversations with him."

We have come to the conclusion that the failure of the appellants to procure from the clerk of the district court and file in the office of the clerk of the supreme court a certified transcript of the proceedings had in the court below, within six months after the date of the decree, cannot be attributed to the act of the appellees, or any of them.

47

As a matter of law, appellants' contention that it was the duty of Sullivan & Reeder to return the draft of exceptions to appellants within ten days after its submission is correct; but this evidence falls far short of establishing the fact that appellants were deprived of the opportunity to file their transcript here in time for appeal, by reason of Sullivan & Reeder's not returning the draft of exceptions in ten days after its submission.

"Second—For the further reason that the court took said cause under advisement and had it under advisement for about —— days, and during the time it was under advisement the court received further evidence on which said judgment was rendered."

Appellants offer no proof of this, and were it admitted, it would not confer any authority on this court to extend the time for appeal. The motion of appellants to docket this case as an appeal must therefore be overruled.

Appellants' motion for a new trial, *for errors occurring thereat*, not having been made within three days after the rendition of the decree, "we are precluded from examining any of the errors which it is alleged occurred during the trial." (*Carlow v. Aultman*, 28 Neb., 672.) Appellants insist, however, that the court erred in overruling their motion for a new trial on the ground of newly discovered evidence. The affidavits filed in support of and against this motion are very numerous and very voluminous, and it would subserve no useful purpose to quote them here. Appellants' affidavits in support of this were directed to the point that appellee Mast was given a lien on the property; and that since the decree the appellee Fleming had told one of the counsel for appellants that he, Fleming, would now swear that Mast was interested in the hotel; as owner, I suppose—though the record does not say —that he, Fleming, was Mast's agent in overseeing the erection of the same; that Mast furnished money and material used in its erection, and that the appellants had no

knowledge until after the decree that Fleming would tes-
tify as alleged.

The affidavits and other evidence of appellees used on
the hearing of this motion not only contradicted the affi-
davits of appellants, but affirmatively showed that Mast
had no such interest in the property as was claimed.   In
addition to this, the records disclose the fact that appel-
lants in their pleadings claimed that Mast was interested
in the hotel; and on the trial Mr. Mast and Mr. Fleming
both testified and were cross-examined by counsel for ap-
pellants—their examinations in full were used on the hear-
ing of this motion—and no inquiry was made of Fleming
or Mast as to their business relations, or as to the latter's
interest in the hotel.   This new evidence then was ma-
terial, and, so far as we know, not cumulative; but ap-
pellants " by the exercise of reasonable diligence could have
discovered and produced it at the trial."   The action of
the court in refusing to grant appellants a new trial on the
ground of *newly discovered evidence* was entirely correct.

Finally, appellants insist that the decree rendered is not
supported by the pleadings.   We think differently.   With-
out an examination of the evidence, we cannot say that
either appellants or appellees were entitled to liens, much
less determine their order.   Every reasonable presumption
must be indulged in support of the correctness of the de-
cree; and unless it *certainly* appears that no such decree
as rendered could lawfully be pronounced on the plead-
ings, it will not be disturbed.   The decree of the district
court is therefore in all things

AFFIRMED.

THE other commissioners concur.