CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. WILLIAM SPORER, ADMINISTRATOR.

FILED SEPTEMBER 22, 1904.   No. 13,811.

1. **Constitutional Law.** The act of 1901 amending section 592 of the code, limiting the time for commencing proceedings to reverse, vacate or modify judgments or final orders, is valid and not in conflict with section 11, article III of the constitution.

2. **Proceeding in Error.** The filing of a petition in error and the transcript of a judgment sought to be reviewed in this court after the expiration of six months from the rendition of such judgment gives this court no jurisdiction.

3. ———. The reasons given for failing to commence the proceeding in error herein within the time limited by the statute examined and *held* insufficient.

ERROR to the district court for Cass county: PAUL JESSEN, JUDGE. *Dismissed.*

*Samuel Chapman, M. A. Low* and *W. F. Evans,* for plaintiff in error.

*H. D. Travis, Jesse L. Root* and *William Deles Dernier, contra.*

BARNES, J.

This case is before us on an objection to our jurisdiction. It appears that one William Sporer, as administrator of

the estate of Henry J. Hennings, deceased, commenced this action in the district court for Cass county against the Chicago, Rock Island & Pacific Railway Company to recover damages to the next of kin of the deceased, whose death, it was alleged, was caused by the wrongful act of the defendant company. A trial resulted in a verdict and judgment for the plaintiff, and the company prosecuted error. It further appears that the judgment of the district court was rendered on the 2d day of December, 1903, and the transcript and petition in error were filed in this court on the 18th day of June, 1904. It is thus clearly shown that more than six months had elapsed from the rendition of the judgment to the commencement of the proceedings in error herein, and this is the ground on which the defendant in error challenges our jurisdiction.

Section 592 of the code, as it stood before the amendment of 1901, provided that proceedings in error should be commenced within one year from the date of the rendition of the judgment in the district court, and by the amendment above mentioned the time within which such proceedings should be commenced was reduced to six months. The defendant company, in order to avoid the consequences of its delay and sustain the jurisdiction of this court, contends that the amendment of 1901 was unconstitutional and void, for the reason that the subject of the bill amending the original section is not clearly expressed in the title, as is required by section 11, article III of the constitution, which provides:

"No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed."

In determining this question we must keep in mind that it is the duty of this court to uphold the acts of the legislature, unless they clearly violate some constitutional provision. The object of the provision above quoted is to prevent incorporating into a bill before the legislature pro-

visions which have no connection with its general object, and of which the title gives no indication. *White v. City of Lincoln*, 5 Neb. 505. The title of the act in question in this case is:

"An act to amend section 592 of the code of civil procedure, Compiled Statutes of Nebraska for 1899, and to repeal said original section." (Laws, 1901, ch. 82.)

At that time the original section referred to provided for a limitation of the time for commencing proceedings to reverse, vacate or modify judgments or final orders. This was the only subject mentioned in the section, and in that respect section 592 of the code, as found in the Revised Statutes of 1866, has remained the same, and by the same number until the present time. The section has contained but one subject during all this time, to wit: The time for commencing proceedings in error. There is but one section 592 of the code, and ever has been. The bill in question contained nothing except that which was germane to the subject matter of section 592. Clearly there was nothing incorporated in the bill but that which had a direct connection with the general object of both the original section and the amendment. The title gave notice that it was intended to amend section 592. This section treated of but one subject. The bill amended it in regard to that particular subject, and no one, however dull of comprehension, could have been misled as to the purpose of the legislation proposed by the amendment.

Again, in *In re White*, 33 Neb. 812, it was held:

"The Compiled Statutes having been published under authority of law, and being supposed to contain all the laws in force at the date of publication, may be amended by a proper reference thereto, and if the amendatory act clearly points out the portion of the statute amended, the objection that the amendment is of the Compiled Statutes will be unavailing."

In that case it was further said:

"The legislature has the right to choose the title of any act passed by it, and although that chosen may not be the

most appropriate, yet unless the act is not within the title, or contains two or more subjects, or otherwise violates the constitution, it would not be declared unconstitutional."

In *McCall v. Bane*, 45 Fed. 828, it was held: An act "entitled 'An act to amend section 3101 * * * of the annotated laws of Oregon,' in which said section is set out as amended, is not in conflict with either section 20 or 22 of article 4 of the constitution of Oregon."

An examination of the constitution of that state discloses that, in addition to the provisions relied on by the defendant herein, it contains the following:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

It will be observed that the constitution of this state does not prohibit amendments by title; and if the amendment in that case under such a constitutional provision was valid, it would seem that the act in question is not vulnerable to the defendant's objection, that it conflicts with the provisions of our constitution. In *County of Cass v. County of Sarpy*, 63 Neb. 813, an act entitled "An act to amend section 88, chapter 78 of the Compiled Statutes of Nebraska of 1897, and to repeal said original section," was held valid. In *Brandon v. State*, 16 Ind. 197, and in *State v. Bowers*, 14 Ind. 195, it was held that if the title to the original act is sufficient to embrace the matters covered by the provisions of an act amendatory thereof it is unnecessary to inquire whether the title of the amendatory act would of itself be sufficient. This rule also has the approval of Judge Cooley in his valuable work on Constitutional Limitations (5th ed.), *146, and note. See also *Miller v. Hurford*, 13 Neb. 13; *Fenton v. Yule*, 27 Neb. 758, and *Gatling v. Lane*, 17 Neb. 80.

It seems, therefore, both on principle and precedent, that the amendatory act in question is valid, and it is therefore upheld.

The filing of a petition in error with a transcript of the judgment complained of, and the issuance of a summons

in error thereon within six months after the rendition of such judgment, together with the service of such summons, alone gives this court jurisdiction to review the proceedings of the district court in an action at law. It follows that the objection to our jurisdiction must be sustained unless a valid excuse has been shown for a failure to perfect the error proceedings within the time limited by the statute. The only excuse presented by counsel for the defendant company is that he relied on the clerk of the district court to inform him of the time when his transcript must be filed in this court. This does not deserve serious consideration. Counsel who tried the case knew when the judgment was rendered and when his time to perfect his error proceedings would expire, much better than the clerk of the district court, or any one else. It is to be regretted that the defendant company cannot have the proceedings of the trial court reviewed. But we see no way to avoid the consequences of the delay, which unfortunately has occurred in this case. Therefore the objection to our jurisdiction is sustained, and the proceeding in error is hereby

DISMISSED.