## Charles T. Altis v. State of Nebraska.

FILED FEBRUARY 27, 1923. No. 22879.

Bill of Exceptions: APPLICATION FOR AT EXPENSE OF COUNTY: HEARING. Under section 1123, Comp. St. 1922, on application by defendant for an order to require reporter to furnish bill of exceptions at the expense of the county, where objection is made thereto, the court or judge has authority to hear testimony for and against such application, and if the testimony discloses that defendant's claim of poverty is untrue, or that the inability to pay the fee is occasioned by his own wilful act for the purpose of avoiding payment, the court. or judge should refuse the order.

Altis v. State.

Error to the district court for Lancaster county: William M. Morning, Judge. *Affirmed.*

*R. J. Greene, W. W. Towle* and *Francis V. Robinson,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

Heard before Morrissey, C. J., Letton, Dean and Good, JJ., Raper, District Judge.

Raper, District Judge.

In the divorce action of Jeanette M. Altis, plaintiff, v. Charles T. Altis, defendant, the defendant was adjudged guilty of contempt of court for wilful failure and refusal to obey an order of the court directing the defendant to pay support money for the wife and children during the pendency of the divorce action, and he was sentenced to jail until he paid the allowance or gave bond for the family's support.

Defendant gave notice of appeal, and filed an affidavit stating that he was unable, on account of poverty, to pay the costs of a bill of exceptions, and prayed the court to direct the reporter to make and deliver to defendant bill of exceptions, the fees therefor to be charged to and paid by Lancaster county. Affidavits were filed for and against the application; the court refused the requested order, and the reporter refused to make bill of exceptions for the defendant until the fees therefor were paid.

Two errors are assigned: First, the court was without power to punish the defendant for failure to pay the support money; second, the court erred in refusing the request to require the reporter to furnish bill of exceptions.

The case of *Cain v. Miller, ante,* p. 441, disposes of plaintiff in error's first contention. The testimony not being before us, we must assume that there is sufficient evidence to support the judgment.

As to the second contention, section 1123, Comp. St.
1922, is relied on. This provides that, in criminal
cases wherein, after conviction, the defendant shall
make an affidavit that he is unable, by reason of his
poverty, to pay for such copy, the court or judge thereof
may, by order indorsed on such affidavit, direct the
reporter to deliver such long-hand copy to such defendant,
and his fees therefor shall be paid by the county. It is
contended that this statute should be so construed
that, on the filing of such affidavit, the court must
accept it as true and make the order accordingly. If it
be granted that this is a "criminal case," within the
meaning of the statute (which, however, we do not
determine), the statute cannot reasonably be construed
as contended for. The statute says the court "may,
by order indorsed on such affidavit," direct the reporter
to make long-hand copy of the evidence to defendant. A
defendant is not entitled as a matter of constitutional
right, for the purpose of appeal from conviction for
crime, to have a bill of exceptions furnished to him
free; his right to such free bill of exceptions rests
wholly upon the statute. From the wording of the
statute and the purpose for which it was enacted, it is
plain that it was not intended to require the trial court
or judge, in a mere ministerial way when objection has
been made, to grant the order on the presentation of
the affidavit without question and without the authority
to inquire into the truthfulness of good faith of de-
fendant's affidavit. If, however, the proof is sufficient to
support the application, then, of course, it is the duty of
the court or judge to grant the order. The court or judge
has the power, under the statute, when objection is
made, to receive evidence for and against the application,
and on such hearing, if it appears that the defendant's
affidavit is untrue or that defendant has wilfully dis-
sipated his property or conveyed or given it away for
the very purpose of putting the state to expense of
furnishing the bill of exceptions, it cannot justly be

said that, because of defendant's poverty, he is unable
to pay the reporter's fee.   In the case at bar the court
considered the evidence for and against the application,
and the evidence is sufficient to support the refusal to
grant the order.  · This procedure was warranted under
the statute, and the order of the trial court was proper.
The action of the district court is

AFFIRMED.