FRITZ J. DIMMEL V. STATE OF NEBRASKA.

FILED JANUARY 11, 1935. No. 29276.

*C. H. Hendrickson* and *H. E. Siman,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and ELDRED, District Judge.

DAY, J.

The plaintiff in error, hereinafter referred to as the defendant, was convicted of criminal libel upon two counts and was sentenced to pay a fine of $75 on each count. The defendant, as owner and publisher of a newspaper at Winside, Nebraska, published certain articles which are the basis of this prosecution.

The state challenged the jurisdiction of this court to review the final judgment of the district court for that the petition in error was not filed here within three calendar months. The provisions of the law applicable to a review of the judgment are sections 20-1931 and 29-2301, Comp. St. 1929. The supreme court cannot exercise appellate jurisdiction in a criminal case, unless the petition in error is filed within three months after the rendition of final judgment. *Kock v. State,* 73 Neb. 354; *Dirksen v. State,* 86 Neb. 334; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891.

The verdict finding the defendant guilty upon two counts was returned October 19, 1933, and thereafter on October 21, 1933, a motion for new trial was filed. January 9, 1934, the trial court overruled this motion for new trial and sentenced the defendant. On the same day, the defendant filed an affidavit of his intention to prosecute error proceedings. The record is then silent until May 8, 1934, when defendant filed a motion "to set aside the journal entry and ruling on the motion for a new trial herein entered January 9, 1934." On this last date, this motion was sustained by the trial court, and, on the same day, the motion was overruled again, and the identical sentence imposed. Notice of appeal was again filed. The question raised by the record is whether this proceeding in error is prosecuted from the order of January 9, 1934, or May 8, 1934. If from the order of January 9, the petition in error was not filed in time (June 7, 1934) to give this court jurisdiction. The legislature may limit the time within which an appeal may be taken, and the trial court may not extend the time by vacating and reentering

the same judgment. *Morrill County v. Bliss,* 125 Neb. 97. Neither can it be extended by agreement of the parties. *Tootle v. Shirey,* 52 Neb. 674. But, in this case, it is argued that the vacation and reentry was not for the purpose of extending the time for filing the petition in error, but that it was done for the purpose of further argument and consideration of the trial court.

The motion to vacate the sentence and the order overruling the motion for new trial recite that the purpose was "to give further consideration to matters involved herein and to give counsel further time to present oral argument and citation of authorities" relative to these questions. In this respect, the situation is almost identical with that in *Morrill County v. Bliss, supra.* The motion to vacate the judgment in that case was founded upon the fact that the decree had not been properly entered by the court. So that even in the *Morrill County* case there was a substantial legal question presented to the court, although this court found that the decree was vacated and reentered for the purpose of extending the time within which to appeal. In this case, the plaintiff in error filed an affidavit that he intended to appeal and made an application for a stay of execution and did not file the motion to vacate the order of January 9 until May 8. May 8, we were told in oral argument, was the last day of the September term. The trial court, or district court, has jurisdiction to set aside its own judgment during the term at which it was rendered, if it believes that its former conclusion is erroneous. *Winder v. Winder,* 86 Neb. 495; *Netusil v. Novak,* 120 Neb. 751; *Shafer v. Wilsonville Elevator Co.,* 121 Neb. 280.

In the instant case, the court sustained a motion to vacate the final order overruling a motion for new trial before hearing argument on the correctness of the judgment. It was not necessary to vacate the order of January 9 to hear arguments upon the correctness of that order. After hearing argument, the trial court entered the identical order, thereby finding in effect that the order

of January 9 was not erroneous. Regardless of the notion of the trial court at the time, we are forced to the conclusion that the only useful purpose served, if any, by the vacation and reentry of the order overruling the motion for new trial would be to extend the time for filing the petition in error in this court. The court is without power to extend the time for this purpose.

It is observed that this offense was committed more than two years ago; it was tried to a jury who found against defendant; the right of appeal was not exercised within the time prescribed by the legislature, and the defense is entirely technical. The appeal must be dismissed.

ERROR PROCEEDINGS DISMISSED.