EDWARD R. GOODMAN v. STATE OF NEBRASKA.

FILED OCTOBER 23, 1936. No. 29998.

*Shuman & Overcash,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., GOOD, EBERLY and CARTER, JJ., and MUNDAY, District Judge.

CARTER, J.

This case is before the court on a motion of the attorney general to dismiss the petition in error for the reason that the transcript and petition in error were filed in this court

out of time. Should this motion be sustained?

The record in this case discloses that on May 4, 1936, the trial court overruled defendant's motion for a new trial and sentenced him to two years in the penitentiary. On May 7, 1936, the journal entry overruling the motion for a new trial and sentencing the defendant was filed and entered on the court journal in the office of the clerk of the district court. There can be no question therefore that the time for perfecting error proceedings commenced to run on May 7, 1936.

The record further shows that the transcript and petition in error were filed in this court on September 9, 1936. On September 12, 1936, the attorney general moved to dismiss for the reason that the transcript and petition in error were filed more than three calendar months after the order overruling the motion for a new trial was filed and entered in the district court journal.

Section 20-1931, Comp. St. 1929, provides as follows: "No proceedings for reversing, vacating or modifying judgments or final orders shall be commenced unless within three (3) calendar months after the rendition of the judgments or making of final order complained of; except that when the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, he shall have one year exclusive of the time of his disability, within which to commence such proceedings."

Section 29-2306, Comp. St. 1929, provides in part as follows: "In all criminal cases, writs of error shall be issued by the clerk of the supreme court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of costs as in civil cases."

Under numerous holdings of this court, the words "as in civil cases" are held to fix the manner and time within which a petition in error must be filed, the same being within three calendar months. The last case on the subject is *Dimmel v. State,* 128 Neb. 191, 258 N. W. 271, in which this court said: "The state challenged the jurisdiction of

this court to review the final judgment of the district court for that the petition in error was not filed here within three calendar months. The provisions of the law applicable to a review of the judgment are sections 20-1931 and 29-2301, Comp. St. 1929. The supreme court cannot exercise appellate jurisdiction in a criminal case, unless the petition in error is filed within three months after the rendition of final judgment. *Kock v. State,* 73 Neb. 354; *Dirksen v. State,* 86 Neb. 334; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891." We conclude therefore that section 20-1931, Comp. St. 1929, fixes the time at three calendar months in which the transcript and petition in error in a criminal case must be filed to give this court jurisdiction.

Counsel for the petitioner in error further contends that this court has inherent power to grant leave to perfect error proceedings after the time fixed by statute has expired upon a proper showing. He cites three Nebraska cases to which we will refer briefly.

In *Sanders v. Nightengale,* 109 Neb. 667, 192 N. W. 200, this court said: "The transcript in this case was filed out of time and defendant in apt time moved for that reason for a dismissal of the appeal. It is shown, however, that the delay was caused on account of the press of other official business in the office of the clerk of the district court, and through no fault of defendant. We overruled the motion to dismiss on the authority of *Continental Building & Loan Ass'n v. Mills,* 44 Neb. 136, where it was held: 'Where a party free from fault or laches is prevented from having his appeal docketed in the appellate court within the statutory period solely through the neglect or failure of the proper officer to prepare the transcript of the proceedings, the law will not permit him thereby to be deprived of his appeal.' "

In *Fitzgerald v. Brandt,* 36 Neb. 683, 54 N. W. 992, this court said: "As a matter of law, appellants' contention that it was the duty of Sullivan & Reeder to return the draft of exceptions to appellants within ten days after its submission is correct; but this evidence falls far short of establish-

ing the fact that appellants were deprived of the opportunity to file their transcript here in time for appeal, by reason of Sullivan & Reeder's not returning the draft of exceptions in ten days after its submission."

Also, in *Chicago, R. I. & P. R. Co. v. Sporer,* 72 Neb. 372, 100 N. W. 813, this court said: "The filing of a petition in error with a transcript of the judgment complained of, and the issuance of a summons in error thereon within six months after the rendition of such judgment, together with the service of such summons, alone gives this court jurisdiction to review the proceedings of the district court in an action at law. It follows that the objection to our jurisdiction must be sustained unless a valid excuse has been shown for a failure to perfect the error proceedings within the time limited by the statute. The only excuse presented by counsel for the defendant company is that he relied on the clerk of the district court to inform him of the time when his transcript must be filed in this court. This does not deserve serious consideration. Counsel who tried the case knew when the judgment was rendered and when his time to perfect his error proceedings would expire, much better than the clerk of the district court, or any one else. It is to be regretted that the defendant company cannot have the proceedings of the trial court reviewed. But we see no way to avoid the consequences of the delay, which unfortunately has occurred in this case. Therefore the objection to our jurisdiction is sustained, and the proceeding in error is hereby dismissed."

These cases clearly are not in support of the argument of petitioner in error. The failure of the court reporter to get out a bill of exceptions promptly is one of the excuses advanced for filing the transcript and petition in error out of time. A bill of exceptions is not required in perfecting error proceedings, and *Fitzgerald v. Brandt, supra,* so holds. Counsel also urges that the trial court fixed the time for the filing of the petition in error. This can avail defendant nothing as he is bound to know the law and not rely upon the judgment of others with respect thereto, and the case

of *Chicago, R. I. & P. R. Co. v. Sporer, supra,* so holds. There is no showing that the transcript was not procured in ample time. Petitioner in error therefore has no sufficient excuse for failing to file his transcript and petition in error within the prescribed time.

The failure to perfect error proceedings within the time prescribed by statute is due to the negligence of the defendant. There are no cases which support the theory that this court has the inherent power to extend the time fixed by statute for perfecting error proceedings under such circumstances. The motion of the state to dismiss the petition in error ought to be and is hereby sustained.

ERROR PROCEEDINGS DISMISSED.