TIMOTHY IRON BEAR, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

32 N. W. 2d 131

Filed April 28, 1948. No. 32474.

*Charles A. Fisher,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, and *Leslie Boslaugh,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This case is before the court on the motion of the Attorney General to dismiss the petition in error for the reason that the transcript and petition in error were not filed in this court within three calendar months after

the rendition of the judgment complained of. No other matter is presented by the motion.

The record discloses that the defendant was convicted of first degree murder, the jury fixing the penalty at death. On September 30, 1947, the trial court overruled defendant's motion for a new trial. Defendant was thereupon sentenced to death and the date of execution fixed as of December 30, 1947. On January 6, 1948, the sentence not having been carried out, the trial court fixed May 1, 1948, as the date for execution. The transcript and petition in error were filed in this court on March 30, 1948, six calendar months after the overruling of the motion for a new trial.

The controlling statute provides in part: "No proceedings for reversing, vacating or modifying judgments or final orders shall be commenced unless within three calendar months after the rendition of the judgment or making of the final order complained of; * * *." R. S. 1943, § 25-1931.

Numerous decisions of this court hold that the transcript and petition in error must be filed in this court within three calendar months after the rendition of the judgment or the making of the final order of which complaint is made. Unless such proceeding is taken within the time the Legislature has prescribed, the Supreme Court does not have jurisdiction to entertain it. Goodman v. State, 131 Neb. 662, 269 N. W. 383; Dimmel v. State, 128 Neb. 191, 258 N. W. 271.

The manner of securing a review in a criminal case is fixed by statute, and when the proper steps are not taken within the time prescribed, this court is without jurisdiction and the judgment of the lower court becomes final. The gravity of the crime and the severity of the sentence imposed cannot have the effect of extending the right of appeal beyond the time fixed by the controlling statute.

It is evident that counsel for the defendant assumed that the judgment sentencing the defendant to death was invalid because the date fixed for carrying out the sen-

tence was 90 days after its rendition, rather than the 100 day minimum period required by section 29-2301, R. S. 1943. The date of execution of a death sentence is not an essential part of the judgment. Iron Bear v. Jones, *post* p. 651, 32 N. W. 2d 125, released herewith. This being so, the inclusion of a premature date for the execution of the defendant does not in any manner invalidate the judgment and sentence, or operate to extend the time in which a writ of error must be sued out. Consequently, the filing of the transcript and petition in error in this court on March 30, 1948, was out of time and deprives this court of jurisdiction to review the case on its merits. The motion of the Attorney General to dismiss the petition in error is sustained, and Friday, July 9, 1948, between the hours of six o'clock a. m. and six o'clock p. m. of said day, is fixed as the date for carrying into effect the sentence of the district court.

ERROR PROCEEDINGS DISMISSED.