GERTRUDE IRENE FISHER, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

43 N. W. 2d 600

Filed July 24, 1950. No. 32875.

*Edward E. Carr*, for plaintiff in error.

*Clarence S. Beck*, Attorney General, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This cause is before us on two matters.

The defendant in error moves to dismiss for the reason that the transcript was not filed here within the time provided by law.

The verdict of the jury in this case was returned on April 2, 1950. From a journal entry "filed" April 18, 1950, it appears that the court pronounced sentence on April 4, 1950. A motion for a new trial was filed on April 8, 1950. By a journal entry "filed" May 27, 1950, it appears that the motion for a new trial was overruled April 8, 1950. It also appears that no journal entry was made on this order until May 27, 1950, nor does it, or any reference to the overruling of the motion, appear in the transcript prior to that date.

Plaintiff in error filed her petition in error and transcript here on May 29, 1950.

The controlling statute provides in part: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; * * *." § 25-1931, R. S. Supp., 1949.

Unless such proceeding is taken within the time the Legislature has prescribed, this court does not have jurisdiction to entertain it. Iron Bear v. State, 149 Neb. 634, 32 N. W. 2d 130.

The question then is, does the one-month period begin to run from April 8, 1950, or May 27, 1950.

In Union Central Life Ins. Co. v. Saathoff, 115 Neb. 385, 213 N. W. 342, we were confronted with a similar problem and construed a "three months from the rendition of such judgment" proviso in connection with what is now section 25-1318, R. R. S. 1943, which provides: "All judgments and orders must be entered on the

journal of the court, and specify clearly the relief granted or order made in the action." We held that the three-month provision did not begin to run until the judgment or decree was entered on the journal of the trial court. Section 25-1931, R. S. Supp., 1949, prior to 1949, provided "within three calendar months." That provision was amended to provide "within one calendar month" for the purpose, as expressed in the title, "to reduce the time for institution of such proceedings to correspond with the time for taking of an appeal to the Supreme Court." Laws 1949, c. 57, § 1, p. 168.

In Goodman v. State, 131 Neb. 662, 269 N. W. 383, the trial court overruled the motion for a new trial on May 4, 1936, and on May 7, 1936, the journal entry overruling the motion for a new trial was filed and entered on the court journal in the office of the clerk of the court. We held: "There can be no question therefore that the time for perfecting error proceedings commenced to run on May 7, 1936."

Section 29-2306, R. S. Supp., 1949, provides in part: "In all criminal cases, writs of error shall be issued by the Clerk of the Supreme Court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of a docket fee of twenty dollars to the Clerk of the Supreme Court; * * *."

We have held that "Motion for a new trial not preserved and authenticated as a part of the transcript on appeal cannot be considered in this court." Lee v. State, 124 Neb. 165, 245 N. W. 445.

We have also held that " 'In order to review alleged errors occurring during the trial of a criminal case, such errors must be pointed out to the trial court in the motion for a new trial and a ruling obtained thereon.' " Luster v. State, 142 Neb. 253, 5 N. W. 2d 705.

It necessarily follows that in order to file here a transcript of the record of the proceedings of the district court adequate to present alleged errors occurring during the

trial, the transcript must show not only the filing of a motion for a new trial, but also the ruling of the court thereon. Such a transcript cannot be prepared and filed here unless and until the ruling of the trial court on the motion for a new trial is entered on the journal.

Accordingly we hold that in error proceedings under section 25-1931, R. S. Supp., 1949, the one-calendar-month period begins to run from the time the court's ruling on a motion for a new trial has been entered on the journal of the court. It follows that the transcript in the instant case was filed within the time provided by law. The motion of the defendant in error to dismiss accordingly is denied.

The next matter is one presented by plaintiff in error. It arises from the following situation. On April 18, 1950, she filed her affidavit in the district court that she was without money and that her husband was without money to pay the cost of a transcript and bill of exceptions. She prayed for an order requiring the clerk to furnish a transcript and that the court reporter be ordered to deliver to her a bill of exceptions, to be charged to the county. A hearing was had on the application, although it does not appear that it was resisted by the filing of objections. At the hearing it was stipulated that the husband of plaintiff in error was employed and earning $50 a week. No other evidence was introduced. The trial court denied the application on the ground that the plaintiff in error "has money." On May 1, 1950, plaintiff in error filed a motion for a rehearing on the application. That was denied on May 27, 1950. On May 29, 1950, plaintiff in error filed application here for an order reversing the district court and directing that the transcript and bill of exceptions be furnished by and at the expense of Lincoln County.

Section 24-342, R. S. Supp., 1949, provides that it shall be the duty of the reporter to furnish on the application of the county attorney, or any party to a suit in which stenographic report of the proceedings has been made,

a transcribed copy of the proceedings so recorded, or any part thereof. It makes provision for payment, and provides: "* * * (2) where the defendant in a criminal case, after conviction, shall make an affidavit that he is unable by reason of his poverty to pay for such copy, the court or judge thereof may, by order endorsed on such affidavit, direct the reporter to deliver such transcribed copy to such defendant, and his fees therefor shall be paid by the county in the same manner as other claims are allowed and paid." § 24-342, R. S. Supp., 1949.

In Altis v. State, 109 Neb. 776, 192 N. W. 327, construing this statute as it was then, we held that "* * * on application by defendant for an order to require reporter to furnish bill of exceptions at the expense of the county, where objection is made thereto, the court or judge has authority to hear testimony for and against such application, and if the testimony discloses that defendant's claim of poverty is untrue, or that the inability to pay the fee is occasioned by his own wilful act for the purpose of avoiding payment, the court or judge should refuse the order."

Assuming that objection was made to the allowance, there is no showing of any kind here that the claim of poverty of plaintiff in error is untrue, nor is there any showing of a willful act done to avoid payment. The affidavit of poverty stands uncontradicted. The trial court erred in denying the application for the order.

The application of plaintiff in error accordingly is sustained insofar as it relates to a bill of exceptions, and the trial court is ordered to direct the reporter to prepare the bill of exceptions and deliver it to the plaintiff in error, same to be paid for by Lincoln County in the manner provided.

The motion to dismiss of defendant in error is denied.

The application of plaintiff in error is sustained as to the bill of exceptions.

MOTION TO DISMISS DENIED;
APPLICATION SUSTAINED IN PART.