DON CUNNINGHAM, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
46 N. W. 2d 636

Filed March 2, 1951. No. 32965.

*Eugene D. O'Sullivan, Jr.* and *Tom Kelley,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This case is before this court on motion of the Attorney General to dismiss the petition in error on the ground that it was not filed within the time provided by law and thus the court is without jurisdiction to entertain it.

The plaintiff in error who will hereinafter be referred

to as plaintiff was charged with assault and battery in the county court of Douglas County, Nebraska. He pleaded guilty and was sentenced to serve 90 days in the county jail. From the judgment and sentence he appealed to the district court. The district court dismissed his appeal. From the dismissal he has attempted to prosecute error to this court.

The appeal was dismissed on October 23, 1950. Motion for new trial was filed and overruled on October 24, 1950. On the same day the attorneys for plaintiff filed their affidavit of intention to appeal the said cause to the Supreme Court which affidavit contained a declaration that the prospective appeal was in good faith.

Afterwards on November 22, 1950, a notice of appeal and of intention to apply to the Supreme Court of Nebraska for a writ of error was served upon the county attorney of Douglas County, Nebraska, and filed in the office of the clerk of the district court.

Thereafter on December 2, 1950, the plaintiff filed petition for writ of error out of this court wherein he prayed that the judgment of the district court dismissing his appeal be reversed and that he be given a trial de novo on the charge of crime contained in the complaint on which he had been convicted and sentenced in the county court.

The ground of the motion of the Attorney General is that this court is without jurisdiction to entertain the petition for the reason that it was not filed within the time provided by law for the filing of such petitions. In this connection the Attorney General asserts that the statute requires that in order that this court shall have jurisdiction to hear a petition in error in a case such as this the petition must be filed within one month from the date of the judgment.

Factually as is apparent from what has been said herein the petition was not filed within one month from the date of the judgment being considered herein.

The plaintiff insists on the other hand that there is

no such statutory limitation upon the right to present a petition for writ of error to this court. He substantially says that there is no statutory limitation upon the time when a petition for writ of error in a criminal case may be presented to the Supreme Court beyond a requirement of section 29-2302, R. R. S. 1943, that it shall be without delay.

There is not now and there never has been a provision of the criminal code fixing the time in criminal cases when a petition for writ of error shall be presented to the Supreme Court. This failure has been a matter for attention of this court on numerous occasions. On these occasions it was pointed out that though there was no specific limitation covering the subject in the criminal code there was nevertheless by reference to the civil code a statutory limitation. The limitation was first referred to and declared to be such in Kountz v. State, 8 Neb. 294, 1 N. W. 142. The provision was section 508 of the criminal code. The referral statute at that time and at all times until 1949 was substantially as it appears in section 29-2306, R. R. S. 1943, as follows: "In all criminal cases, writs of error shall be issued by the clerk of the Supreme Court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of costs as in civil cases; * * *."

This court in Kountz v. State, *supra,* said that by the words "as in civil cases" the limitation as to the time for filing petitions for writs of error in civil actions was adopted into the criminal code and became the limitation also in criminal actions. The limitation was at that time one year in civil cases. Laws 1877, § 1, p. 14. This court said that the same limitation applied in criminal cases.

The limitation has been changed since that time by legislative action until 1949 when it became one month. By Chapter 82, section 1, Laws 1901, it was reduced to six months. By Chapter 69, section 1, Laws 1925, it

was reduced to three months. By Chapter 57, section 1, Laws 1949, appearing now as section 25-1931, R. S. Supp., 1949, it was reduced to one month.

In all the later cases after the changes, the reasoning of Kountz v. State, *supra,* has been followed and in each instance a like application has been made. Omaha Loan & Trust Co. v. Ayer, 38 Neb. 891, 57 N. W. 567; Kock v. State, 73 Neb. 354, 102 N. W. 768; Dirksen v. State, 86 Neb. 334, 125 N. W. 618; Dimmel v. State, 128 Neb. 191, 258 N. W. 271; Goodman v. State, 131 Neb. 662, 269 N. W. 383; Iron Bear v. State, 149 Neb. 634, 32 N. W. 2d 130.

By amendment the words "as in civil cases" were removed from section 29-2306, R. R. S. 1943, and the section to the extent necessary to quote it here is as follows: "In all criminal cases, writs of error shall be issued by the Clerk of the Supreme Court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of a docket fee of twenty dollars to the Clerk of the Supreme Court; * * *." This amendment is contained in Chapter 73, section 1, Laws 1949. The section as amended now appears as section 29-2306, R. S. Supp., 1949.

The plaintiff urges that it was solely by these words that the limitation of the civil code was made to apply to the criminal code, therefore with their elimination from the statute there is no limitation as to the time when error proceedings must be filed in the Supreme Court, except that it must be done without delay.

We do not think the contention may be sustained. We do not think that the mere removal of the words mentioned had the effect of destroying the application of the limitation of section 25-1931, R. S. Supp., 1949, to petitions in error to the Supreme Court from judgments in criminal cases. There was clearly no such legislative intent.

The words "as in civil cases" were removed by Legislative Bill No. 226 of the 1949 session of the Legislature which was amendatory of section 29-2306, R. R. S. 1943.

Laws 1949, c. 73, p. 187. The title to this amendatory act is the following: "AN ACT to amend section 29-2306, Revised Statutes of Nebraska, 1943; to provide for payment to the Clerk of the Supreme Court of a docket fee in all criminal cases, except where an affidavit of poverty is filed; and to repeal the original section."

From this it is clear that there was no legislative intention or purpose to disturb the relationship which had been so many times declared by this court to section 25-1931, R. R. S. 1943. The sole purpose was to require payment of a docketing fee to the Clerk of the Supreme Court. We must assume that the intention was that the relation should remain the same as it had previously existed.

It appears therefore that the statute fixing the time for filing a petition in error in the Supreme Court although appearing in the civil code relates to actions under the criminal code. Or in other words, it can make no real difference that the limitation appears in the one code or the other or in an enactment independent of either code.

The cases referred to herein have reference to times when the limitation was three months or more. By Chapter 57, section 1, Laws 1949, the limitation was reduced to one month. This statute as amended is applicable to the cases before the court at this time. The petition in error was not filed within one month after the entry of the judgment which the plaintiff seeks to have reviewed. It was not filed within time to confer jurisdiction upon this court to review.

The motion to dismiss the petition in error is sustained.

MOTION TO DISMISS SUSTAINED.