EDWARD D. KENNEDY, ALSO KNOWN AS EDWARD KENNEDY, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

101 N. W. 2d 853

Filed March 25, 1960. No. 34806.

*Jack L. Spence,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Bernard L. Packett,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding from the district court

for Douglas County. On February 15, 1960, the defendant in error, the State of Nebraska, filed a motion to dismiss the petition in error filed herein "for the reason that such Petition in Error has not been filed within the time prescribed by the laws of Nebraska, and this Court is, therefore, without jurisdiction in the premises."

Plaintiff in error, Edward D. Kennedy, filed a petition in error, transcript, and poverty affidavit in the office of the clerk of this court on February 10, 1960. Section 29-2306, R. S. Supp., 1957, which is applicable here, provides as follows: "In all criminal cases except when the punishment is capital, writs of error shall be issued by the Clerk of the Supreme Court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of a docket fee of twenty dollars to the Clerk of the Supreme Court; Provided, if any person desiring to obtain such writ of error shall file an affidavit with the clerk of the court that he is unable, on account of his poverty, to pay the costs, the clerk shall enter the suit upon the docket, and upon the entry of final judgment endorse the amount of costs upon the mandate, and the same shall be paid by the county in which the indictment was found." The plaintiff in error complied with the provisions of this statute and this court has jurisdiction of the cause if the above were filed in time. See Goodman v. State, 131 Neb. 662, 269 N. W. 383.

Section 25-1931, R. R. S. 1943, which we have held to be applicable and controlling in criminal cases, provides, insofar as here material, as follows: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; * * *." See, also, Lee v. State, 124 Neb. 165, 245 N. W. 445; Goodman v. State, *supra*; Fisher v. State, 153 Neb. 226, 43 N. W. 2d 600; Cunningham v. State, 153 Neb. 912, 46 N. W. 2d 636. It should be mentioned that

"judgments and sentences upon convictions for felonies and misdemeanors under the criminal code" are excepted from the procedures provided for by section 25-1912, R. R. S. 1943.

The transcript shows that on October 15, 1959, plaintiff in error, Edward D. Kennedy, defendant below, was found guilty by a jury in the district court for Douglas County on two counts: The first, that of having in his possession burglary tools with the intent of breaking and entering, and the second, that of having in his possession concealed weapons. Thereafter, on October 20, 1959, plaintiff in error filed a motion in the district court to have the verdicts of guilty set aside and for a new trial. This motion was filed within the time provided therefor by section 29-2103, R. R. S. 1943, and sets out therein some of the reasons contained in section 29-2101, R. R. S. 1943, for granting a new trial. This motion was overruled by the trial court on November 30, 1959. Thereafter, on December 11, 1959, the trial court set down for hearing on December 21, 1959, count three of the information wherein plaintiff in error was charged with being an "habitual criminal." See § 29-2221, R. R. S. 1943. Hearing thereon was had accordingly and on that date the trial court found and adjudged plaintiff in error to be an habitual criminal as charged. Thereafter, on January 11, 1960, plaintiff in error was sentenced to serve 15 years in the penitentiary on each of said convictions, such sentences to run concurrently. The error proceeding in this court was filed within 1 calendar month thereafter. The question arises, what constitutes the making of a final order under section 25-1931, R. R. S. 1943, in an error proceeding involving a conviction in a criminal case?

From a check of our holdings it would appear that we have never ruled directly on this question, although our holdings clearly indicate that in a criminal proceeding a conviction and sentence constitute a final order within the meaning of section 25-1931, R. R. S.

1943. See, Kountz v. State, 8 Neb. 294, 1 N. W. 142; Green v. State, 10 Neb. 102, 4 N. W. 422; Gartner v. State, 36 Neb. 280, 54 N. W. 516; Kock v. State, 73 Neb. 354, 102 N. W. 768; Farrington v. State, 116 Neb. 712, 218 N. W. 590; Hoover v. State, 126 Neb. 277, 253 N. W. 359; Goodman v. State, *supra;* Iron Bear v. State, 149 Neb. 634, 32 N. W. 2d 130. See, also, 2 Am. Jur., Appeal and Error, § 140, p. 934; 24 C. J. S., Criminal Law, § 1649, p. 245. As stated in 2 Am. Jur., Appeal and Error, § 140, p. 934: "With reference to what satisfies the requirement of finality, it may be stated generally that no judgment will be regarded as final unless sentence is pronounced."

We think the rule applicable is as follows: In a criminal case, after trial and conviction in the district court by a jury, error proceedings cannot be taken to this court by the defendant therein before a judgment has been rendered or a final order made by the court below, which judgment or final order must include a sentence. See Farrington v. State, *supra.* However, in order to review alleged errors occurring during the trial, such errors must be pointed out to the trial court in a motion for new trial and ruling obtained thereon. See Luster v. State, 142 Neb. 253, 5 N. W. 2d 705. Insofar as Fisher v. State, *supra,* is in conflict herewith the same is overruled.

In other words, error proceedings may be taken from the overruling of the motion for new trial or the imposition of sentence, whichever is the later. In view thereof we find the error proceeding was lodged in this court within the time provided therefor by section 25-1931, R. R. S. 1943, and, because thereof, the motion of the State to dismiss is overruled.

Plaintiff in error filed a request with the clerk of the district court for Douglas County on February 3, 1960, requesting a bill of exceptions containing all of the evidence offered at the trial, a copy of which was delivered to the official court reporter on February 4, 1960. There-

after, on February 10, 1960, he filed a motion in this court requesting an order of this court directing the trial court to order and have prepared a bill of exceptions for him and ordering the cost thereof to be taxed to Douglas County. He bases this request on the poverty affidavit originally filed by him in this court at the time he filed his petition in error and transcript here.

Section 24-342, R. S. Supp., 1957, which is controlling, provides, insofar as here material, as follows: "It shall be the duty of such reporter to furnish on the application of the county attorney, or any party to a suit in which a stenographic report of the proceedings has been made, or upon receipt of notice from the clerk of the district court as provided in section 29-2306.02, a transcribed copy of the proceedings so recorded, or any part thereof. The reporter shall be entitled to receive in addition to his salary, a fee of fifteen cents per hundred words, to be paid by the party requesting the same; except * * * (2) where the defendant in a criminal case, after conviction, shall make an affidavit that he is unable by reason of his poverty to pay for such copy, the court or judge thereof may, by order endorsed on such affidavit, direct the reporter to deliver such transcribed copy to such defendant, and his fees therefor shall be paid by the county in the same manner as other claims are allowed and paid, * * *." It is a prerequisite to our right to review the trial courts ruling thereon that such an affidavit be filed in the district court. In the absence thereof we are without right to do so for our jurisdiction in regard thereto is appellate and not original. If such an affidavit is filed in the district court, then our method of reviewing the trial court's ruling thereon is set out in Fisher v. State, *supra*. In view of the foregoing, the motion of the plaintiff in error is overruled.

But plaintiff in error's counsel has filed his affidavit in this court stating that he made an oral motion for that purpose to the trial judge, which was overruled. Such an affidavit does not supply the deficiency in the

record relating thereto. That can only be done by having the record of the trial court completed, so showing, and then filing a supplemental transcript thereof in this court. But that would serve no useful purpose here for the statute supplies the exclusive method by which an indigent defendant can proceed to obtain a bill of exceptions, if he is entitled thereto, and he must follow that method if he is to obtain the benefits thereunder.

MOTION OF STATE TO DISMISS OVERRULED.
MOTION OF PLAINTIFF IN ERROR FOR BILL OF EXCEPTIONS OVERRULED.