In re Appeal of Harms.
Dietrich W. Harms, appellant, v. County Board of Supervisors of Dodge County, Nebraska, appellee.
In re Appeal of Rathbun.
Marian Rathbun et al., appellants, v. County Board of Supervisors of Dodge County, Nebraska, appellee.
114 N. W. 2d 713

Filed April 27, 1962. Nos. 35100, 35101.

*Spear, Lamme & Simmons* and *Richards, Yost & Schafersman,* for appellants.

*A. C. Sidner,* for appellee.

*Edward J. Robins,* amicus curiae.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The appellant Dietrich W. Harms has brought this appeal from a judgment of the district court for Dodge County, Nebraska, which dismissed an appeal taken by the appellant from an order of the county board of supervisors of Dodge County, Nebraska. The order of the county board of supervisors directed the cleaning and widening of a drainway in that county and made an assessment of the benefits against the appellant's land. The case was docketed in this court as case No. 35100.

The appellants Marian Rathbun and Ruth Hopkins likewise appealed from the judgment of the district court dismissing a like appeal from a similar order of the county board of supervisors directing the same work to be done. It assessed the benefits against their land and awarded damages for the taking of certain real estate owned by them in the project. This was docketed in this court as case No. 35101.

By stipulation the cases were briefed and argued together and the bill of exceptions filed in the first case was made applicable to both. They involve the same procedure and turn on the same questions, and both will be disposed of in one opinion.

The factual situation involved, so far as is necessary to relate in view of our decision, is that the proceeding before the county board of supervisors involved the cleaning, widening, and changing of a drainage ditch known as Fremont Cut-off Ditch and certain related ditches under sections 31-901 through 31-933, R. R. S. 1943, designated as the County Drainage Act of 1959. The original drain which is designated herein was established in 1885 under the original County Drainage Act which as it now exists is set out in sections 31-101 to 31-138, R. R. S. 1943, and to this several tributaries and extensions were later added. The petition by certain

landowners for the improvements mentioned was filed with the county clerk on October 2, 1959, and thereafter the county board of supervisors on October 28, 1959, adopted a resolution declaring that the proposed improvement be undertaken and that a licensed engineer be employed to assist the county board of supervisors to develop a plan for the improvement. Such a plan was prepared for cleaning and enlarging the ditch. The proposal with plans, specifications, and an estimate of the cost of the work, together with plats showing the location of the work, the assessment of benefits to the lands of the owners benefited, and right-of-way damages, were presented to the county board of supervisors and approved by it and filed with the county clerk. Notice was thereupon given to the landowners, including the appellants, as provided by section 31-909, R. R. S. 1943. The appellants in each case appeared and filed objections to the proposed plan and to the assessment for benefits against their lands. The appellants Rathbun and Hopkins objected to the amount of the award for damages allowed them for taking a portion of their lands for the building of the ditch. On the hearing thereof the county board of supervisors by order approved the plans, directed the work to be done, and established the assessments and the award as originally proposed. From this order appellants appealed to the district court which dismissed the appeals. From these judgments the appellants have appealed to this court. They assign certain errors as to the rulings of the trial court with respect to its interpretation and application of the County Drainage Act of 1959, sections 31-901 through 31-933, R. R. S. 1943, which in view of our decision it will neither be necessary nor proper to discuss.

It is evident from section 31-911, R. R. S. 1943, that the Legislature intended to grant the right of appeal to persons who felt aggrieved by the action of the county board of supervisors in such a proceeding. It is equally apparent that this section and the entire act wholly fail

to set out the necessary procedure for taking an appeal therefrom. In From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441, this court held that: " 'The mode and manner of appeal is statutory, and a litigant who complies with the requirements of the applicable statute is entitled to a review of his case to the extent of the scope provided by law.' "

In the cited case the court was construing a provision of a statute which purported to grant a right of appeal but set out no method for its being perfected. It was held that the failure of the statute to provide any procedural method for lodging jurisdiction in the district court defeats the right of appeal mentioned therein. The cited case was thereafter quoted with approval as to this ruling in Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508.

Section 25-1901, R. R. S. 1943, provides a right of review by error proceedings from final orders of other tribunals or boards. This statute has been held applicable in case of erroneous assessments made by the county board for the benefits under other statutes involving drainage. From v. Sutton, *supra;* Loup River Public Power Dist. v. Platte County, 135 Neb. 21, 280 N. W. 430.

In From v. Sutton, *supra,* a proceeding in which the petition was designated a "Petition on Appeal," this court said that what a petition may be denominated in the caption is not necessarily controlling. The court there pointed out that the allegations of the petition sufficiently set forth the contentions of the appellants in that case to meet the requirements of a petition in error. Likewise, in the cited case a summons was issued and served as provided in error proceedings and the transcript containing the final order sought to be reversed was filed with the petition. Therefore in that case the proceeding before the district court was held to be one in error and the court considered the matter as having been so instituted.

However, in the case of Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49, where this court considered an appeal from the judgment of the district court brought to the trial court by error proceedings it was made clear that the provisions of the statutes granting the right of review in such cases must be followed. In that case the court laid down the following rules: "A petition in error in a district court to test the validity of a final order of an inferior tribunal is an independent proceeding the object of which is to obtain a reversal of the order presented for review.

"Appellate jurisdiction of a case cannot be conferred upon a court by action of the parties thereto and the absence of such jurisdiction may be asserted at any time during the pendency of the litigation.

"An appellate court may not consider or decide a case within its appellate jurisdiction unless its authority to act is invoked in the manner prescribed by law.

"If a district court was without jurisdiction of the subject matter of litigation, this court does not acquire jurisdiction thereof by an appeal to it from a final order of the district court therein."

The resolution of the county board of supervisors containing the order complained of was entered by it on April 7, 1960. On April 27, 1960, the appellants severally filed with the county notices of appeal. Transcripts of the proceedings before the county board of supervisors containing the order in question certified by the county clerk were not filed with the clerk of the district court in either action until May 23, 1960. No petition of any sort was filed by either of the appellants in the district court until August 11, 1960. The petitions when filed were in each instance designated as Petition on Appeal. No summons in error was issued or served. It appears that the proceedings were considered by the parties as appeals from the action of the county board of supervisors and must under this record be so considered by us. Furthermore, it is not possible to con-

sider them as proceedings in error as neither the petition nor the transcript in either case was filed in district court within 1 month of the decision of the county board of supervisors as required by section 25-1931, R. R. S. 1943. Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370; Chicago, R. I. & P. Ry. Co. v. Sporer, 72 Neb. 372, 100 N. W. 813.

In proceedings under section 25-1901, R. R. S. 1943, it is mandatory that a petition in error and the transcript be properly authenticated and timely filed to vest the appellate court with jurisdiction of the subject matter. Anania v. City of Omaha, *supra*. While it is regrettable that the act in question did not provide the procedural steps to effectuate an appeal, it is apparent that the district court acquired no jurisdiction of the subject matter, and that this court under the circumstances acquired none either. It follows that the action of the district court dismissing the petitions on appeal must be affirmed.

AFFIRMED.