JOHN KOUNTZ, PLAINTIFF IN ERROR, V. THE STATE OF
NEBRASKA, DEFENDANT IN ERROR.

**Practice in Criminal Cases.** Proceedings in error in a crim-
inal case must be instituted in the supreme court within one
year after the rendition of the judgment.

MOTION to dismiss proceedings in error.

*The Attorney General,* and *Frank Martin,* for the
motion.

*Isham Reavis,* contra.

MAXWELL, CH. J.

At the March term, 1877, of the district court of
Richardson county the plaintiff in error was convicted
of murder in the second degree, and on the seventh
day of April of that year was sentenced to imprison-
ment in the penitentiary for the period of twenty-five
years. On the 19th day of April, 1878, he obtained a
writ of error and filed a transcript of the proceedings
in the case in this court, and assigns various errors
therein. The attorney general now moves to dismiss
the proceedings in error because they were not com-
menced within the period prescribed by law.

At common law, bills of exceptions were not allowed
in cases of felony and treason, because until the pres-
ent century a judgment of conviction in such cases in
England could not be reviewed. Therefore, there are
no precedents at common law to which our attention
has been called wherein the question of time was a
material inquiry.

Section five hundred and eight of the Criminal Code
provides that: "In criminal cases not punishable with

death, after final judgment, writs of error may, on good cause shown, be allowed on the application of the defendant, by the supreme court, or any judge thereof in vacation, *as in civil cases;* and in criminal cases punishable with death, writs of error may be allowed on application by said court when in open session, or by any judge thereof in vacation." Gen. Stat., 834.

In 1875 an act was passed amending section five hundred and ninety-five of the code of civil procedure so as to require proceedings in error to be instituted in six months after the rendition of the judgment or final order. Laws 1875, p. 40.

In 1877 the time was extended to one year. Laws 1877, p. 14.

Do these provisions of the code apply to criminal cases? We think they do. We are aware that the supreme court of Ohio in *Blackburn v. The State*, 22 Ohio State, 583, held that they did not apply. No reason is given, and the case does not appear to have been very fully considered. In this state a writ of error is a writ of right in both civil and criminal cases. And the practice in both classes of cases is assimilated as far as possible. It is evident that the language of the section referred to includes also the *time* within which proceedings in error may be instituted. And every presumption of innocence in favor of the accused supports this construction. In addition to the protection which the common law throws around the accused, he is entitled to counsel to make his defense, and if unable to employ the same the court will appoint. He is entitled to a bill of exceptions, and after calling the attention of the court below to the errors complained of, may have the entire case reviewed on error in the supreme court. When may he do this? Can he wait until the material witnesses for the state are dead or have gone beyond the reach of process—let that time be five, ten, or

twenty years, then prosecute proceedings in error? We do not think so.

If the party convicted is innocent of the offense with which he is charged—that is, if the testimony fails to establish his guilt with that degree of certainty required by the law—if error has occurred during the progress of the trial by which he has been prejudiced, the case should be reversed and a new trial awarded. There is nothing that the law abhors like the conviction of an innocent person. For this reason, among others, criminal cases take precedence in the hearing of causes, in order that the party, if innocent, may be discharged. But it is the duty of the state, while protecting as far possible the innocent, to punish the guilty. In no other way can life and property be rendered secure. In most cases of actual guilt, if proceedings in error are prosecuted within the period required by law, and the case is reversed, the witnesses on the part of the state are at hand to testify in the case. But in many if not most cases, in even five years many of the material witnesses could not be found. The case may have been one of great atrocity, and the guilt of the party undoubted, yet upon a reversal of the case, as the witnesses against him can not be found, he must be turned loose to commit other depredations upon society. The law was framed for the protection of the innocent and of society, not to offer a means of escape for the guilty, and a party must prosecute proceedings in error within the period required by the statute or be barred. This rule, however, cannot apply to cases where the court had no jurisdiction, or where no offense is charged in the indictment, as in such cases there is an absolute want of authority. The motion to dismiss proceedings in error is sustained.

JUDGMENT ACCORDINGLY.