HENRY KOCK v. STATE OF NEBRASKA.

FILED MARCH 8, 1905. No. 14,114.

Proceeding in Error: LIMITATION. The supreme court has no jurisdiction to review the proceedings and final judgment of the district court in a criminal case, unless proceedings in error are instituted therein within six months after the rendition of such judgment.

ERROR to the district court for Cuming county: GUY T. GRAVES, JUDGE. *Proceeding in error dismissed.*

*T. M. Franse* and *Moodie & Burke,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *M. McLaughlin, contra.*

BARNES, J.

At the January term, 1904, of the district court for Cuming county, the plaintiff in error was convicted of the crime of grand larceny, and the value of the property stolen was found to be $60. On the 30th day of January of that year, he was sentenced to imprisonment in the penitentiary for the period of six years. On the 24th day of January, 1905, he instituted proceedings in error in this court, and the attorney general now objects to the jurisdiction of the court and moves to dismiss the proceedings in error because they were not commenced within the period prescribed by law.

The provisions of law by virtue of which the accused seeks to have his case reviewed by this court are sections

592 of the civil code and 508 of the criminal code. We quote section 592, as follows:

"No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within six calendar months after the rendition of the judgment or making of the final order complained of; except that when the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, he shall have one year, exclusive of the time of his disability within which to commence such proceedings: *Provided,* That the provisions of this act shall only apply to judgments or decrees rendered after the date of its taking effect."

By section 508 it is provided:

"In all criminal cases, writs of error shall be issued by the clerk of the supreme court upon the filing of a petition in error and transcript of the record of the proceedings of the district court and payment of costs as in civil cases; *Provided,* That if any person, desiring to obtain such writ of error, shall file an affidavit with the clerk of the court that he is unable on account of his poverty to pay said costs, the clerk shall enter the suit upon the docket, and upon the entry of final judgment indorse the amount of costs upon the mandate, and the same shall be paid by the county in which the indictment was found."

The question presented is not a new one in this state. It was before the supreme court in a case wherein the accused had been found guilty of murder in the second degree, and sentenced to a term of 25 years in the penitentiary. *Kountz v. State,* 8 Neb. 294. In that case the accused was sentenced on the 17th day of April, 1877, but did not file his petition in error and the transcript until April 19, 1878, and the attorney general challenged the jurisdiction of the court on the ground that the statute of limitations had run against such a proceeding. At that time the limitation was fixed by the sections above mentioned at one year, and the court held:

"Proceedings in error in a criminal case must be instituted in the supreme court within one year after the rendition of the judgment."

The reasoning contained in the body of the opinion in that case, and which meets with our approval, is as follows:

"In this state a writ of error is a writ of right in both civil and criminal cases. And the practice in both classes of cases is assimilated as far as possible. It is evident that the language of the section referred to" (section 508 of the criminal code, now section 2644 Annotated Statutes), "includes also the time within which proceedings in error may be instituted. * * * He" (meaning the accused), "is entitled to a bill of exceptions, and after calling the attention of the court below to the errors complained of, may have the entire case reviewed on error in the supreme court. When may he do this? Can he wait until the material witnesses for the state are dead, or have gone beyond the reach of process—let that time be five, ten, or twenty years, then prosecute proceedings in error? We do not think so. If the party convicted is innocent of the offense with which he is charged—that is, if the testimony fails to establish his guilt with that degree of certainty required by the law—if error has occurred during the progress of the trial by which he has been prejudiced, the case should be reversed and a new trial awarded. There is nothing that the law abhors like the conviction of an innocent person. For this reason, among others, criminal cases take precedence in the hearing of causes, in order that the party, if innocent, may be discharged. But it is the duty of the state, while protecting as far as possible the innocent, to punish the guilty. In no other way can life and property be rendered secure. In most cases of actual guilt, if proceedings in error are prosecuted within the period required by law, and the case is reversed, the witnesses on the part of the state are at hand to testify in the case. But in many, if not most cases, in

even five years many of the material witnesses could not be found. The case may have been one of great atrocity, and the guilt of the party undoubted, yet upon a reversal of the case, as the witnesses against him cannot be found, he must be turned loose to commit other depredations upon society. The law was framed for the protection of the innocent and of society, not to offer a means of escape for the guilty, and a party must prosecute proceedings in error within the period required by the statute or be barred."

The foregoing decision was commented on and approved in *Bradshaw v. State*, 19 Neb. 644, as follows:

"In *Kountz v. State*, 8 Neb. 294, it was held, that from the peculiar language of section 508 of the criminal code, the limitation of time for taking criminal cases on error to the supreme court was the same in criminal as in civil cases. The section was copied verbatim from another state, where the allowance of a petition or writ of error involved an examination of the entire record to ascertain if there was probable error in the record. In such cases a writ of error was to be allowed *as in civil cases*. This would seem to mean in the same manner and within the same *time* as in civil actions."

The legislature of 1901 amended section 592 of the code so as to limit the time for the commencement of proceedings in error in the supreme court to six months from the entry of the final judgment or order sought to be reviewed. The law as thus amended had been in force nearly three years when the crime of which the accused was convicted was committed, and when the final judgment herein was entered. The amendment in question deprived the accused of none of his constitutional rights. It did not even change the method of procedure after the commission of the alleged crime or the rendition of the final judgment.

But it is contended by the accused that he is one of the class of persons mentioned in the statute as being under disability; and he insists that, because he was taken to

Kock v. State.

the penitentiary and imprisoned therein in compliance with the judgment of the court, the limitation does not apply to him. The mere statement of this proposition is its own refutation. If this contention should be held good, the defendant could serve out his full six years of imprisonment and still have one year thereafter in which to prosecute his petition in error. The fact is that he is under no disability by reason of his imprisonment; and in truth he is already prosecuting his proceedings in error, which he might have commenced within six months after the rendition of the final judgment, as well as one year thereafter. Again, by our previous construction of the sections of the statute above quoted, the time for commencing proceedings in error in criminal cases is now clearly limited to a period of six months from and after the rendition of the final judgment complained of, and we are bound by such construction. If we should now fix the limitation at one, two, three or five years, we would thereby substitute our own views of what the limitation ought to be for the plain provisions of the law as enacted by the legislature. This would be judicial legislation, a proceeding to which courts should never resort. So it is clear that we are without any jurisdiction to review the proceedings and judgment of the trial court herein. This is to be regretted, for the reason that the sentence in this case seems so excessive, considering the value of the property alleged to have been stolen, as to be almost unconscionable. If we were at liberty to assume jurisdiction of this case we would, under the power given us by section 509a of the code, reduce the sentence to a period of two years. Having no jurisdiction, we cannot grant the accused any relief, and he must resort to executive clemency.

For the foregoing reasons, the objections of the attorney general are sustained, and the proceedings in error are hereby dismissed.

JUDGMENT ACCORDINGLY.