Jim Newquist, plaintiff in error, v. State of Nebraska, defendant in error.

46 N. W. 2d 639

Filed March 2, 1951. No. 32966.

*Eugene D. O'Sullivan, Jr.* and *Tom Kelley,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before Simmons, C. J., Carter, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.:

This is a companion case to Cunningham v. State, *ante* p. 912, 46 N. W. 2d 636, and all of the questions therein are found in this case. The two cases have an identical history. What is said there is adopted as controlling here.

The plaintiff in error in this case presents a question here which was not presented in No. 32965. By this new question he insisted that he is a minor and under the terms of section 25-1931, R. S. Supp., 1949, he is entitled to one year after attaining his majority to prosecute error. The section is the following:

"No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; except that when the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, he shall have one year exclusive of the time of his dis-

ability, within which to commence such proceedings."

Obviously this statute contemplates a situation involving a disability to proceed in a legal action to protect rights or liberties. This is made clear by the opinion in Kock v. State, 73 Neb. 354, 102 N. W. 768.

This plaintiff in error has pointed out no disability the effect of which would be to deprive him of any recognizable legal right or liberty. Hence it cannot be said that this provision extends his right to file a petition in error later than one month after the judgment which he seeks to have reviewed.

The motion to dismiss the petition in error is sustained.

MOTION TO DISMISS SUSTAINED.

WENKE, J., concurring.

I concur in the result of the majority opinion but I am not satisfied that it sets forth with sufficient clarity just when the exception contained in section 25-1931, R. S. Supp., 1949, is applicable. As I interpret said section the provision thereof allowing an infant, a person of unsound mind or imprisoned, (here a minor) one year, exclusive of the time of disability, within which to commence proceedings to reverse, vacate, or modify any judgment or final order has no application except where, on account of the infancy, unsound mind, or imprisonment, there is or has been a recognizable legal disability which prevents or prevented such person from protecting his rights or liberties within the time as in said statute provided.

CARTER, J., concurring.

The statute in question was enacted at a time when error proceedings were available to review judgments of the district court in both civil and criminal actions. The concluding exception of this section was intended to apply only in a civil action when an infant, an insane person, or a prisoner was under legal disability to sue. Infancy as a disability never did, and does not now, exist in a criminal proceeding. I would sustain the motion to dismiss on this basis.