JOHN L. LEWIS, APPELLANT, V. LAURIE SMITH CAMP ET AL., APPELLEES.

459 N.W.2d 211

Filed August 10, 1990.    No. 89-1155.

John L. Lewis, pro se.

Robert M. Spire, Attorney General, and Delores Coe-Barbee for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

A disciplinary committee found appellant, John L. Lewis, an inmate within the Nebraska Department of Correctional Services, guilty of escape. The decision was upheld by the Department of Correctional Services Appeals Board. Pursuant to Neb. Rev. Stat. § 25-1901 (Reissue 1989), Lewis instituted this error proceeding in district court, naming as defendants the three members who served on the appeals board. The district court affirmed the decision of the disciplinary committee and the appeals board. Lewis appeals.

These proceedings arose out of an incident which occurred on September 4, 1988, when three Nebraska State Penitentiary officials found a piece of black tape covering a 1/3-inch-long cut (apparently from a hacksaw blade) in a bar of a window in the cell which was occupied by Lewis and another inmate.

The disciplinary committee, following a hearing, concluded that Lewis had violated 68 Neb. Admin. Code, ch. 5, § 005I[E] (1987) (escape). Certain sanctions were imposed. Lewis filed a written appeal with the appeals board. After a hearing on October 11, 1988, the appeals board, on that same date, upheld the decision of the disciplinary committee. Lewis then instituted this error proceeding in district court by filing a petition in error and transcript in the district court on November 16, 1988.

Because it is apparent from the record that the error proceeding was commenced out of time, the district court never acquired jurisdiction of this matter and neither did this court.

Section 25-1901 provides: "A judgment rendered or final order . . . made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court."

It is provided in Neb. Rev. Stat. § 25-1931 (Reissue 1989):

Proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within thirty days after the rendition of the judgment or making

of the final order complained of, except that when the person entitled to such proceedings is . . . imprisoned, he or she shall have one year, exclusive of the time of his or her disability, within which to commence such proceedings.

In the first place, there is a claimed discrepancy as to the date the petition and transcript were filed. It is abundantly clear that these documents were filed by the clerk of the district court on November 16, 1988, 36 days after the rendition of the judgment or order sought to be reviewed. Confusion arises because the record discloses that the district judge, during a telephonic conference hearing on a motion for default, commented to the effect that he "presume[d]" and "imagine[d]" that the petition and transcript were timely filed on November 7, 1988, the same time Lewis filed his motion to proceed in forma pauperis.

The presumption of the district court that the petition and transcript were timely filed finds no support in the record and is insufficient to impeach the veracity of the record itself. See *Robertson v. Southwood*, 233 Neb. 685, 447 N.W.2d 616 (1989).

Petitions in error must be commenced within the timeframe provided by § 25-1931. "Timely filing of both items [petition and transcript] is mandatory to confer jurisdiction on a court asked to review [by error proceedings] a final judgment or order." *Transcon Lines, Inc. v. O'Neal*, 230 Neb. 31, 33-34, 429 N.W.2d 718, 719 (1988).

Although § 25-1931, requiring filing within 30 days, speaks of an exception for imprisoned persons, this court, in *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985), and *Clark v. Cornwell*, 223 Neb. 282, 388 N.W.2d 848 (1986), without comment as to the disability language, found the error proceedings filed by inmate plaintiffs were not properly perfected on the basis of the language in § 25-1931 preceding the exception provision.

In a concurring opinion in *Newquist v. State*, 153 Neb. 917, 46 N.W.2d 639 (1951), a case involving a denial of a claim by an infant for additional time beyond the 30 days, we find language providing additional insight into the application of the disability language of the statute.

As I interpret [§ 25-1931] the provision thereof allowing . . . a person . . . imprisoned . . . one year, exclusive of the time of disability, within which to commence proceedings to reverse, vacate, or modify any judgment or final order has no application except where, on account of the . . . imprisonment, there is or has been a recognizable legal disability which prevents or prevented such person from protecting his rights or liberties within the time as . . . provided.

*Newquist v. State, supra* at 918, 46 N.W.2d at 640 (Wenke, J., concurring). Thus, there must be a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights as stated in § 25-1931.

There is longstanding precedent for the proposition that imprisonment in and of itself is not a disability entitling one behind bars to a period of exclusion from the normal time limitation articulated in the statute. In *Kock v. State*, 73 Neb. 354, 357-58, 102 N.W. 768, 769 (1905), this court stated:

But it is contended by the accused that he is one of the class of persons mentioned in the statute as being under disability; and he insists that, because he was taken to the penitentiary and imprisoned therein in compliance with the judgment of the court, the limitation [period which was then 6 months] does not apply to him. The mere statement of this proposition is its own refutation. If this contention should be held good, the defendant could serve out his full [term] of imprisonment and still have one year thereafter in which to prosecute his petition in error. The fact is that he is under no disability by reason of his imprisonment; and in truth he is already prosecuting his proceedings in error . . . .

If, as is the case here, the district court lacked power to entertain the proceedings and decide the questions raised by such action, this court is equally without power to review the final judgment or order which is the subject matter of the action brought to the district court. *Clark v. Cornwell, supra.*

There is no jurisdiction to hear this matter, and accordingly the appeal is dismissed.

APPEAL DISMISSED.