ROBERT SCOTT, APPELLANT, V. AARON HALL ET AL., APPELLEES.
488 N.W.2d 549

Filed September 4, 1992.   No. S-90-010.

Robert Scott, pro se.

Robert M. Spire, Attorney General, and Mark D. Starr for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Robert Scott, an Omaha Correctional Center inmate, appeals the district court's dismissal of his petition in error challenging a prison disciplinary proceeding in which Scott was found to have violated a prison rule prohibiting prisoners from trafficking in drugs within the institution. As a result of being found guilty, Scott lost 3 months of his good time and received 10 days' disciplinary segregation.

In sustaining the defendants' demurrer to Scott's petition in error, the district court for Douglas County found that there was a defect in party defendants, that the appeal (petition in error) was filed out of time, and that therefore the district court lacked jurisdiction of the subject matter. Thereupon, the district court dismissed Scott's pro se petition. Scott claims that those rulings by the court were in error.

On August 10, 1989, Scott was found guilty by a disciplinary committee at the Omaha Correctional Center of violating 68 Neb. Admin. Code, ch. 5, § 005I[H] (1987), Nebraska Department of Correctional Services' rule "Drug or Intoxicant Abuse," proscribing the use of or trafficking in drugs within the institution.

Scott appealed the decision of the disciplinary committee to the institution's appeals board. Following a September 11, 1989, hearing, the appeals board upheld the decision of the disciplinary committee. It is not clear from the record when the appeals board rendered its decision or when the decision was provided to Scott. It is clear, however, that the transcript of the appeals board proceeding, including the board's final order,

was certified on October 16, 1989.

In any event, pursuant to Neb. Rev. Stat. § 25-1903 (Reissue 1989), Scott filed his petition in error in the district court on November 3, 1989. He named as defendants individually Aaron Hall, an employee of the Omaha Correctional Center who filed the original disciplinary misconduct report against Scott; Richard Leech, R.H. Grant, and Linda Lennard, members of the disciplinary committee who initially found him guilty of the rules violation; and Karen Shortridge, the warden at the Omaha Correctional Center, who reviewed the decision of the disciplinary committee. Scott did not name as defendants the disciplinary committee or its members in their official capacity, nor did he name the Department of Correctional Services as a defendant.

The record reflects that the appeals board was composed of Laurie Smith Camp, Gene Hruza, and Bruce Kramer. None of the members of the appeals board was named as a defendant individually or in her or his official capacity, nor was the appeals board itself named as a defendant. The record fails to reflect that any of these proper parties had notice that Scott had filed his petition in error. The district court was correct in sustaining the defendants' demurrer to Scott's petition in error on the basis that there was a defect in the parties defendant.

The district court was also correct in dismissing Scott's petition in error. Even assuming that Scott timely filed his petition in error on November 3, 1989, the demurrer was not sustained until December 8, 1 day after the matter was argued. By that time, more than 30 days had elapsed from the date of the appeals board decision. In *Zyburo v. Board of Education*, 239 Neb. 162, 167-68, 474 N.W.2d 671, 675 (1991), we held:

> Proceedings in error must be commenced within 30 days from the rendition of the final order or judgment concerning which complaint is made by filing with the district court a petition and authenticated transcript containing the challenged order or judgment, and any other material related thereto which the petitioner wishes to have considered.

See, also, § 25-1903 and Neb. Rev. Stat. §§ 25-1901 and 25-1931 (Reissue 1989); *Marcotte v. City of Omaha*, 196 Neb.

217, 241 N.W.2d 838 (1976). Failure to institute the proceeding within the stated time limitation bars the action. See *Moell v. Mennonite Deaconess Home & Hosp.*, 221 Neb. 168, 375 N.W.2d 618 (1985).

Because of the timespan between the appeals board decision and the district court's ruling on Scott's demurrer, there was no way Scott could timely file an amended petition, naming the proper defendants, and obtain timely service upon them in this case after the demurrer was sustained. See *Zyburo v. Board of Education, supra*. Therefore, the district court was correct in dismissing Scott's petition.

Scott argues that the statute of limitations for the filing of his petition in error should have been tolled during the pendency of his incarceration pursuant to Neb. Rev. Stat. § 25-213 (Reissue 1989) and § 25-1931. We recently held, in *Lewis v. Camp*, 236 Neb. 94, 459 N.W.2d 211 (1990), that imprisonment in and of itself is not a disability entitling one imprisoned to a period of exclusion from the normal time limitation articulated in § 25-1931 within which to file a petition in error. There must be a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights as stated in § 25-1931. *Lewis v. Camp, supra*. There being no such showing here, Scott's assignment of error in this regard is without merit.

Scott's failure to name the proper defendants and the district court's proper dismissal of his petition in error render moot the issue of whether Scott timely filed his petition.

In reviewing this appeal, we note that Scott has attached copies of documents to his brief in this court. These documents are not part of the transcript and cannot be considered by this court. An appellate brief may not expand the evidentiary record and must limit itself to arguments supported by the appellate record. *Father Flanagan's Boys' Home v. Goerke*, 224 Neb. 731, 401 N.W.2d 461 (1987).

AFFIRMED.