FRANKIE LEVI COLE, APPELLANT, V. BOBBY KILGORE ET AL., APPELLEES.

489 N.W.2d 843

Filed October 2, 1992.   No. S-89-1407.

Frankie Levi Cole, pro se.

Robert M. Spire, Attorney General, and Alfonza Whitaker for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

For disobeying a direct order of a correctional officer, a 7-day room restriction was imposed upon Frankie Levi Cole, an inmate at the Omaha Correctional Center. The discipline was imposed by an institutional disciplinary committee following a hearing. On September 22, 1989, a disciplinary appeals board affirmed the committee's action.

Cole challenged the discipline imposed upon him by filing a petition in error in the district court for Douglas County. That court sustained the respondents' demurrer, which claimed the court lacked jurisdiction because Cole failed to timely file a transcript of the disciplinary proceedings. Cole's petition in error was dismissed.

In his appeal to this court, Cole's *sole* assignment of error

claims that because of his incarceration, the time for perfecting the filings required with a petition in error is tolled under Neb. Rev. Stat. § 25-213 (Reissue 1989). We hold that this contention is without merit and affirm the district court's dismissal of Cole's petition in error.

The record reflects that Cole timely filed his petition in error but failed to timely file the transcript of the disciplinary proceedings. Under Neb. Rev. Stat. § 25-1905 (Reissue 1989), a plaintiff in error is required to file a transcript of the proceedings containing the final judgment or order to be reviewed at the time a petition in error is filed. This requirement in § 25-1905 is mandatory and jurisdictional. See, *Glup v. City of Omaha*, 222 Neb. 355, 383 N.W.2d 773 (1986); *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976).

Even though he has been incarcerated at all relevant times, that, in and of itself, does not excuse Cole from complying with the foregoing jurisdictional requirement. In support of his assignment of error, Cole mistakenly relies upon § 25-213. That statute is a general tolling statute which provides, as relevant here: "[I]f a person entitled to bring any action . . . is, at the time the cause of action accrued . . . imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed."

Neb. Rev. Stat. § 25-1931 (Reissue 1989) is a more specific statute applying to the facts here and provides, so far as relevant:

> Proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within thirty days after the rendition of the judgment or making of the final order complained of, except that when the person entitled to such proceedings is . . . imprisoned, he or she shall have one year, exclusive of the time of his or her disability, within which to commence such proceedings.

Special provisions of a statute prevail over general provisions in the same or other statutes if there is a conflict. *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 463 N.W.2d 312 (1990). Obviously, as between § 25-213 and § 25-1931, the latter controls the factual situation presented here.

We have long held that imprisonment in and of itself is not a disability entitling a prisoner to a period of exclusion from the normal time limitation of § 25-1931. A showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required. *Lewis v. Camp*, 236 Neb. 94, 459 N.W.2d 211 (1990); *Kock v. State*, 73 Neb. 354, 102 N.W. 768 (1905). This court recently extended this rule to § 25-213 in considering a prisoner's argument that he was entitled to tolling of the time period for filing his petition in error under both § 25-213 and § 25-1931. *Scott v. Hall, ante* p. 420, 488 N.W.2d 549 (1992).

Cole filed no pleading nor showing in the district court that his incarceration prevented him from exercising his legal rights in any way. The fact that Cole timely filed his petition in error, obtained a ruling thereon, and thereafter filed a timely appeal with this court demonstrates that his incarceration has not prevented him from timely utilizing the court system. Cole's sole assignment of error is meritless.

We also note that there is a defect in the parties defendant in Cole's petition in error. See *Scott v. Hall, supra*. However, that issue was not raised in the district court and therefore is not before this court.

AFFIRMED.