513 N.W.2d 877 (1994)
245 Neb. 545
Shakur ABDULLAH, Appellant,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellees.
No. S-92-325.
Supreme Court of Nebraska.
April 8, 1994.
*879 Shakur Abdullah, pro se.
Don Stenberg, Atty. Gen., and Alfonza Whitaker, Lincoln, for appellees.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.
LANPHIER, Justice.
A Nebraska State Penitentiary disciplinary committee found that appellant, Shakur Abdullah, violated a prison rule by storing contraband. The Nebraska Department of Correctional Services (DCS) Appeals Board affirmed the decision, and appellant filed an appeal to the district court for Douglas County. The district court dismissed his petition for review because appellant was not entitled to a judicial review of his disciplinary case for the reason that the action imposed did not involve disciplinary isolation; loss of good time credit; or a change in work, education, or other program assignment. Appellant then filed a motion for rehearing and requested that the court allow him to amend his petition to conform to the statute. The district court denied the motion because it was untimely filed. We affirm.

FACTS
Appellant is an inmate of the DCS. On March 27, 1991, the disciplinary committee found appellant guilty of possessing or receiving unauthorized articles; in this case, a radio with an altered cord. As a penalty, the committee imposed a reprimand and a warning. On April 18, the appeals board affirmed the decision of the disciplinary committee.
On April 29, appellant filed a petition for review pursuant to Neb.Rev.Stat. § 84-917 (Cum.Supp.1992) in the district court for Lancaster County and, on June 10, amended this petition. A hearing was held on November 12, and on March 31, 1992, the court found that the penalties imposed involved only a reprimand, a warning, and instructions to send the radio out of the institution or to destroy the radio. The district court dismissed appellant's petition, holding that appellant was not entitled to judicial review under Neb.Rev.Stat. § 83-4,123 (Cum.Supp. 1992) because the disciplinary case did not involve the "`imposition of disciplinary isolation, the loss of good-time credit, or a change in work, education or other program assignment.'"
On April 9, 1992, appellant filed a motion to reconsider his action under the petition in error statute, Neb.Rev.Stat. § 25-1901 (Reissue 1989). In the alternative, he requested leave to amend his petition to conform to the statutory requirements of the petition in error statute. A hearing was held on April 14 on appellant's motion to reconsider. The court denied the motion because the petition in error was not filed within 30 days of the final order of the appeals board. Appellant filed an appeal to this court on April 16.
Appellant claims the district court erred (1) in determining that he was not entitled to judicial review under § 83-4,123 and (2) in refusing to allow him to amend his petition for review.

STANDARD OF REVIEW
When the petition instituting proceedings for review under the Administrative Procedure Act is filed in the district court on or after July 1, 1989, the review shall be conducted by the district court de novo on the record. Bell Fed. Credit Union v. Christianson, 244 Neb. 267, 505 N.W.2d 710 (1993). On an appeal under the Administrative Procedure Act, the appellate court reviews *880 the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. Id.
We note that statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. Rigel Corp. v. Cutchall, 245 Neb. 118, 511 N.W.2d 519 (1994).

JUDICIAL REVIEW
Appellant contends that the district court erred in dismissing his appeal because it was not cognizable under § 83-4,123. That section states in part:
Nothing in sections 83-4,109 to 83-4,123 shall be construed as to restrict or impair an inmate's free access to the courts and necessary legal assistance in any cause of action arising under sections 83-4,109 to 83-4,123 or to judicial review for disciplinary cases which involve the imposition of disciplinary isolation, the loss of good-time credit, or a change in work, education, or other program assignment in accordance with the Administrative Procedure Act.
(Emphasis supplied.)
Appellant's punishment for violating the prison regulations resulted in the loss of his radio and a verbal reprimand. It did not involve the imposition of the penalties enumerated in the foregoing statute. The language of § 83-4,123 is clear. Judicial review is limited to cases "which involve" the imposition of the penalties so listed.

SECTION 83-4,122
Appellant argues that Neb.Rev.Stat. § 83-4,122 (Cum.Supp.1992) expands the types of cases for which judicial review of disciplinary actions may be sought under § 83-4,123. Section 83-4,122 sets forth procedural safeguards for disciplinary actions which "may involve" the imposition of the same penalties enumerated in § 83-4,123. Appellant argues that since under § 83-4,122 procedural safeguards are required in cases other than those which result in the enumerated penalties, judicial review must also be extended to disciplinary actions other than those which may involve the imposition of the enumerated penalties.
Appellant's assertions are inconsistent with the plain language of the statute. In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. In re Application of Jantzen, 245 Neb. 81, 511 N.W.2d 504 (1994). Unlike § 83-4,122, the language of § 83-4,123 is clear in its mandate that judicial review is permitted only when the disciplinary action imposed on the inmate involves the imposition of the enumerated penalties. Since the disciplinary action imposed on appellant did not involve the imposition of any of the enumerated penalties, appellant was not entitled to judicial review.

LIBERTY INTEREST
Appellant also contends that his liberty interests are affected because of a change in his program assignment. He claims that because his opportunity to have his security classification lowered from medium to minimum and his opportunity to have his sentence commuted by the Nebraska Board of Pardons are diminished, the disciplinary action affects his liberty interest. Assuming without deciding that such opportunities may be diminished, appellant would still not be entitled to relief. A liberty interest protected by the 14th Amendment may arise from two sources, the Due Process Clause and the laws of a state. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). "[A] state creates a protected liberty interest through the use of `"`explicitly mandatory language'"' in connection with the establishment of `"`specified substantive predicates'"' to limit discretion." Otey v. State, 240 Neb. 813, 828, 485 N.W.2d 153, 165 (1992) (quoting Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). In Otey, we found that there were no provisions in Nebraska's Constitution or in its statutes *881 which created a liberty interest in commutation hearings. In addition, although administrative rules and regulations may create a liberty interest, inmates have no inherent due process right to have their security level downgraded. Howard v. Grinage, 6 F.3d 410 (6th Cir.1993). See, also, Gomez v. Coughlin, 685 F.Supp. 1291 (1988). Appellant has not cited, nor have we identified, any statute or prison regulation which would indicate that the State had created a liberty interest in his security classification. Thus, appellant's argument fails.
We do not address appellant's remaining claims regarding judicial review, as he merely makes assertions without setting forth any arguments to support them. See In re Interest of T.F.P., 237 Neb. 922, 468 N.W.2d 116 (1991).

PROCEEDINGS IN ERROR
Appellant claims he should have been allowed to amend his petition pursuant to Neb. Rev.Stat. § 25-852 (Reissue 1989), to conform to the standards of the petition in error statute, § 25-1901.
The district court did not err in refusing to allow appellant to amend his petition since his attempt to seek review under § 25-1901 was untimely filed. The proceedings in error statutes, Neb.Rev.Stat. § 25-1901 et seq. (Reissue 1989 & Cum.Supp. 1992), require that within 30 days after the rendition of the final judgment or order sought to be reversed, vacated, or modified, a petitioner in error must file a petition and an appropriate transcript containing the final judgment or order. See, Scott v. Hall, 241 Neb. 420, 488 N.W.2d 549 (1992); Glup v. City of Omaha, 222 Neb. 355, 383 N.W.2d 773 (1986). Timely filing of both the petition in error and the certified transcript is mandatory to confer jurisdiction on an appellate court reviewing the final judgment. Id. See, also, Marcotte v. City of Omaha, 196 Neb. 217, 241 N.W.2d 838 (1976); Lemburg v. Nielsen, 182 Neb. 747, 157 N.W.2d 381 (1968). "Failure to institute the proceeding within the stated time limitation bars the action." Scott v. Hall, 241 Neb. at 423, 488 N.W.2d at 551. Appellant's attempt to seek review under the petition in error statute was untimely because the appeals board made its final order on April 18, 1991, finding that appellant was in violation of the prison regulations. Appellant was required to file his petition, in addition to the transcript, within 30 days after the final order of the appeals board. The petition was not filed until April 9, 1992. Where a right has been given and specific remedy has been provided by statute, the right can be secured in no other way than that provided by the statute. Peterson v. Minden Beef Co., 231 Neb. 18, 434 N.W.2d 681 (1989). The district court acquired no jurisdiction to review the petition in error.

CONCLUSION
The district court properly dismissed appellant's petition in review after finding that appellant was not entitled to judicial review under § 83-4,123, since the penalty imposed on appellant did not involve the imposition of disciplinary isolation; the loss of good time credit; or a change in work, education, or other program assignments. The district court also correctly denied appellant's motion to amend, since such amendment would have permitted appellant to untimely file a petition in error.
AFFIRMED.
WRIGHT, J., participating on briefs.