IN RE ESTATE OF DEMPSEY DAVID HOLT, DECEASED.
ALAN J. MACKIEWICZ, PERSONAL REPRESENTATIVE OF THE
ESTATE OF DEMPSEY DAVID HOLT, DECEASED, APPELLANT, V.
DOUGLAS COUNTY, NEBRASKA, APPELLEE.
516 N.W.2d 608

Filed May 27, 1994.   No. S-92-1067.

Alan J. Mackiewicz, of Lich, Herold & Mackiewicz, for appellant.

James S. Jansen, Douglas County Attorney, Renne Edmunds, and Edwin T. Lowndes for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

The issue here is whether intangible personal property located in Nebraska is subject to inheritance tax in this state when a decedent's estate is probated here and the testator was a Texas resident at the time of his death.

The Douglas County Court held that under Neb. Rev. Stat. § 77-2007.01 (Reissue 1990) of the Uniform Reciprocal Transfer Tax Act, such intangible personal property is not subject to this state's inheritance tax. The district court for Douglas County reversed the county court and held that such intangible property is taxable in Nebraska.

The personal representative timely appealed the district court's ruling to the Nebraska Court of Appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

We reverse the decision of the district court and remand this cause to that court with direction to reinstate and affirm the judgment of the Douglas County Court.

## ASSIGNMENT OF ERROR

Summarized and restated, the personal representative of the decedent's estate, Alan J. Mackiewicz, claims that the district court erred in holding that the decedent's intangible personal property located in Nebraska is subject to Nebraska's inheritance tax.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993); *In re Estate of Stephenson*, 243 Neb. 890, 503 N.W.2d 540 (1993).

## FACTS

The decedent, Dempsey David Holt, a resident of Tarpley, Bandera County, Texas, died testate in Texas on December 17, 1990. Mackiewicz was designated personal representative of Holt's estate. Mackiewicz initiated probate proceedings in the Douglas County Court and later filed a petition for determination of inheritance tax in that court. The property of the decedent's estate relevant to this appeal consists of intangible personal property having an actual situs at Norwest Bank Nebraska, N.A., in Omaha: two checking accounts, four certificates of deposit, and an individual retirement account.

The appellee, Douglas County, claims that Holt's intangible personal property in Nebraska is subject to Nebraska's inheritance tax. The appellant claims that the property is exempt from Nebraska's inheritance tax pursuant to § 77-2007.01, which generally exempts from Nebraska's inheritance tax a nonresident decedent's intangible personal property located in Nebraska if the decedent's resident state, here Texas, grants a similar exemption to residents of Nebraska. The parties submitted the issue to the county court on stipulated facts.

The county court found that under § 77-2007.01, Holt's intangible personal property in Nebraska is not subject to Nebraska's inheritance tax even though that property was in Nebraska and the probate proceedings were in Nebraska.

On appeal, the district court for Douglas County found that Nebraska's inheritance tax should be imposed on Holt's intangible personal property in Nebraska. Although recognizing that Nebraska law permitted the appellant to probate Holt's estate in Nebraska, the district court stated that (1) the proper state to tax the transfer of Holt's intangible property should have been Texas and (2) if the appellant had probated Holt's estate in Texas, that state would have imposed a death tax on Holt's intangible personal property in Nebraska. The district court then determined that the intent of Nebraska's reciprocal exemption law is to prevent double or multiple death taxation by different states on the same transfer of property, not to avoid taxation. Therefore, the district court held that Nebraska's inheritance tax should be imposed upon Holt's

intangible personal property in Nebraska. The district court reversed the county court and remanded the cause to that court for further proceedings.

The personal representative appealed to the Nebraska Court of Appeals. Under our authority to regulate the caseload of the appellate courts of this state, we removed the matter to this court.

## ANALYSIS

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994). In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *Id.*

Section 77-2007.01 states:

The tax imposed by Chapter 77, article 20, in respect of personal property (except tangible personal property having an actual situs in this state) shall not be payable (1) if the decedent is a resident of a state . . . which at the time of the transfer did not impose a transfer tax or death tax of any character in respect of personal property of residents of this state (except tangible personal property having an actual situs in such state . . .), or (2) if the laws of the state . . . of residence of the decedent at the time of the transfer contained a reciprocal provision under which nonresidents were exempted from transfer taxes or death taxes of every character in respect of personal property (except tangible personal property having an actual situs therein) provided the state . . . of residence of such nonresidents allowed a similar exemption to residents of the state . . . of residence of such decedent.

We find no ambiguity in the words of § 77-2007.01. Giving the words of § 77-2007.01 a plain reading, we find that Holt's intangible personal property in Nebraska is not subject to Nebraska's inheritance tax if, at the time of the transfer of the

property, Texas did not impose a transfer or death tax on the intangible personal property of Nebraska residents.

At the time of the transfer, Texas law contained the following provision:

> (a) A tax is imposed on the transfer at death of the property located in Texas of every nonresident.
>
> . . . .
>
> (c) Property located in Texas of a nonresident includes real property having an actual situs in this state . . . and tangible personal property having an actual situs in this state, but *intangibles that have acquired an actual situs in this state are not taxable.*

(Emphasis supplied.) Tex. Tax Code Ann. § 211.052 (West 1992).

Under the plain language of the Texas statute, a Nebraska resident's intangible personal property having an actual situs in Texas is not taxed by Texas. Therefore, § 77-2007.01 dictates that Nebraska's inheritance tax on personal property is not payable on Holt's intangible personal property in Nebraska.

It may be true, as the district court found, that in general the intent of reciprocal exemption laws is not to avoid taxation altogether, but to avoid double or multiple taxation. To prevent nonresidents from avoiding taxation completely, at least one state has limited the exemption provided for in its reciprocal transfer tax law to cases in which the decedent's resident state has imposed a tax on the transfer of the property exempted. See Wis. Stat. Ann. § 72.11 (West 1989). Nebraska's version of the Uniform Reciprocal Transfer Tax Act contains no such language, and we will not impose such a limitation when Nebraska's Legislature has not seen fit to do so.

We have considered the appellee's interpretations of both the Texas law and § 77-2007.01 of this state's law and find these interpretations to be without merit. Therefore, under a plain reading of the relevant Nebraska and Texas statutes, we find that Nebraska's inheritance tax is not payable as to Holt's intangible personal property having an actual situs in Nebraska.

Finally, we address the appellant's motion in this court for an award of attorney fees pursuant to Neb. Rev. Stat. § 25-824 et

seq. (Reissue 1989). The appellant argues that an award of attorney fees is warranted because the appellee's appeal from the county court to the district court was frivolous.

Section 25-824(5) states: "No attorney's fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in this state . . . ." We find that in appealing the county court's decision, the appellee made a good faith attempt to establish a new theory of law that § 77-2007.01 does not exempt from Nebraska's inheritance tax a nonresident's intangible personal property which has an actual situs in Nebraska. As this is a case of first impression on this theory, no attorney fees will be assessed.

## CONCLUSION

We hold that no Nebraska inheritance tax is payable as to Holt's intangible personal property having an actual situs in Nebraska. We, therefore, find no error appearing on the record of the county court. We reverse the district court's decision with direction for that court to reinstate and affirm the judgment of the Douglas County Court.

REVERSED AND REMANDED WITH DIRECTION.