539 N.W.2d 432 (1995)
248 Neb. 818
Laddie DITTRICH, Appellant,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, Appellee.
No. S-95-103.
Supreme Court of Nebraska.
November 17, 1995.
*434 Laddie Dittrich, pro se.
Don Stenberg, Attorney General, and Terri M. Weeks, Lincoln, for appellee.
WHITE, C.J., and CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.
CAPORALE, Justice.
The appeals board of the respondent-appellee, Nebraska Department of Correctional Services, affirmed the decision of the department's disciplinary committee restricting the petitioner-appellant, Laddie Dittrich, to his room for 7 days because of drug abuse. Dittrich thereupon instituted proceedings for judicial review under the provisions of Neb. Rev.Stat. § 83-4,123 (Reissue 1994) and the Administrative Procedure Act, Neb.Rev.Stat. §§ 84-901 through 84-920 (Reissue 1994). The district court affirmed the department's decision, and Dittrich, assigning a number of errors to the district court, appealed to the Nebraska Court of Appeals. The Court of Appeals summarily affirmed the judgment of the district court under Neb.Ct.R. of Prac. 7A(1) (rev.1992), whereupon Dittrich successfully petitioned for further review by this court. We now reverse the judgment of the Court of Appeals and remand the matter with the direction to order dismissal of the action.
The case turns on a jurisdictional question which does not involve a factual dispute and thus is resolved as a matter of law. In such a situation, a reviewing court reaches a conclusion independent from that of the inferior courts. See, Jones v. State, 248 Neb. 158, 532 N.W.2d 636 (1995); K N Energy, Inc. v. Cities of Broken Bow et al., 248 Neb. 112, 532 N.W.2d 32 (1995); Wagner v. Unicord Corp., 247 Neb. 217, 526 N.W.2d 74 (1995).
There is no question that lack of subject matter jurisdiction may be raised sua sponte by a court. State ex rel. Grape v. Zach, 247 Neb. 29, 524 N.W.2d 788 (1994); Scherbak v. Kissler, 245 Neb. 10, 510 N.W.2d 318 (1994); Rohde v. Farmers Alliance Mut. Ins. Co., 244 Neb. 863, 509 N.W.2d 618 (1994). We have previously held that § 83-4,123 permits judicial review of disciplinary cases in adult institutions only when the disciplinary action imposed on the inmate involves the imposition of disciplinary isolation or the loss of good-time credit. Abdullah v. Nebraska Dept. of Corr. Servs., 245 Neb. 545, 513 N.W.2d 877 (1994). Dittrich's punishment did not include the loss of good-time credit. Therefore, the jurisdictional issue presented is whether a 7-day room restriction constitutes isolation so as to confer jurisdiction upon a reviewing court.
A department rule, 68 Neb.Admin. code, ch. 6, § 010.02, defines "restriction" thusly:
An inmate may be restricted from any correctional facility activities for disciplinary reasons except recognized religious activities, dining hall, designated group or individual therapy, and school, for a period of time not to exceed ninety (90) days. Restrictions on clothing, bedding, mail, visitations, use of toilets, wash bowls, scheduled showers or facilities and materials needed for access to the courts shall be imposed only for abuse of such privileges or facilities.
Dittrich was therefore able to eat, pray, go to therapy, and go to school with others. In addition, he was able to have visitation. His state does not constitute isolation as that term is generally understood. As is the case with statutory language, Seevers v. Potter, 248 Neb. 621, 537 N.W.2d 505 (1995), in the absence of anything to the contrary, the language of rules or regulations is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of words in a rule or regulation which is plain, direct, and unambiguous. See, Sunrise Country Manor v. Dept. of Soc. Servs., 246 Neb. 726, 523 N.W.2d 499 (1994); Kliment v. National Farms, Inc., 245 Neb. 596, 514 N.W.2d 315 *435 (1994). Therefore, the district court lacked jurisdiction to hear Dittrich's petition for judicial review and should have dismissed the case.
Where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. WBE Co. v. Papio-Missouri River Nat. Resources Dist., 247 Neb. 522, 529 N.W.2d 21 (1995); State ex rel. Grape v. Zach, supra. Not only did the Court of Appeals lack jurisdiction to adjudicate this matter on the merits, this court lacks jurisdiction to do so as well.
Accordingly, the judgment of the Court of Appeals is reversed and the matter remanded thereto with the direction that it direct the district court to dismiss Dittrich's action.
REVERSED AND REMANDED WITH DIRECTION.